DUNHAM *v.* PHILLIPS.

Opinion delivered May 29, 1922.

1. APPEAL AND ERROR—FAILURE OF CROSS-APPELLANT TO FILE BRIEF.—
   Failure of an appellee to file a brief in support of his cross-appeal will be deemed an abandonment thereof.

2. VENDOR AND PURCHASER—RESCISSION—ACCOUNTING OF RENTS.—
   Where a contract for the sale of a farm was rescinded several months after the date of the sale, the purchaser must not only restore the land but he must also account for the rents and profits therefrom.

3. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—
   A chancellor's finding of facts, not against the preponderance of the evidence, will not be set aside on appeal.

Appeal from Washington Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

STATEMENT OF FACTS.

Appellant brought this suit in equity against appellees for the rescission of a contract for the sale of forty acres of land in Washington County, Ark.

Appellee, A. J. Phillips, filed an answer in which he stated that he was willing for the contract for the sale of the land to be rescinded, but asked judgment against appellant for the rents and profits which he had received from the land.

Appellant D. J. Dunham was a witness for himself. According to his testimony taken at the trial in August, 1921, he was nearly eighty years of age. He had been living in Arkansas for about two years. Prior to that time he had lived in Oklahoma. A. J. Phillips and J. O. Phillips are brothers living in Washington County, Ark. J. O. Phillips and appellant made a contract with A. J. Phillips for the purchase of forty acres of land in question, which was set in an apple and a peach orchard, for the price of $13,000. A. J. Phillips and J. O. Phillips both told Dunham that the land was worth more than $13,000, and he relied on their representations because he had not been in Arkansas long enough to know the value of the land. The contract was made on the 8th

day of June, 1920. A. J. Phillips represented that he owned the land and had a good title thereto, but there were certain defects in the title which it was necessary to remove. He said that he could perfect the title by the 15th of September, 1920. A. J. Phillips executed a deed to the land and placed it in the First National Bank of Springdale in escrow to be delivered to the grantee when the purchase price was paid and the title was cleared. Dunham deposited in the bank $7,000 in cash and his note for $6,000. These amounts were to be turned over to A. J. Phillips when the title to the land was perfected. By the terms of the contract D. J. Dunham and J. O. Phillips are each to have an undivided one-half interest in the land.

J. O. Phillips took possession of the land. Dunham and J. O. Phillips were also interested in two other peach orchards. J. O. Phillips paid Dunham $2,200 for his share of the entire peach orchard deal. Dunham does not think that any part of this was from the land in question.

The children of A. J. Phillips had an interest in the land, and Dunham claimed a rescission of the contract on the ground that A. J. Phillips did not have a good title to the land. J. O. Phillips had possession of the land, and Dunham had nothing whatever to do with gathering the peach crop. A. J. Phillips paid $1,000 of the $7,000 deposited by Dunham in the bank to J. O. Phillips for his commission in making the sale of the land. Dunham did not know that J. O. Phillips was to receive any commission for the sale of the land.

A. J. Phillips was a witness for himself. He helped gather the peaches on the place after he had made a sale of the land to his brother, J. O. Phillips, and to D. J. Dunham. He was employed by his brother for that purpose. There were 825 bushels of peaches produced on said land in 1920, and they were worth $4 per bushel in Springdale, near which town the land was situated. No accounting was made to A. J. Phillips by J. O. Phillips or D. J. Dunham of the peaches and apples grown on the

land for the year 1920 and harvested after the sale of the land to them.

The above is substantially all the testimony necessary to decide the issues raised by the appeal.

The chancellor was of the opinion that D. J. Dunham should recover from A. J. Phillips the $1,000 of the purchase price of the land which A. J. Phillips had paid to his brother, J. O. Phillips, as a commission for selling the land.

The court further found that the peach crop for the year 1920 was of the net value of $3,300, and that D. J. Dunham and J. O. Phillips harvested said peach crop after they became tenants in common of the land, and that each should account to A. J. Phillips for the sum of $1,650, being one-half of the whole amount received by them for the peach crop.

The court further found that D. J. Dnham was entitled to a rescission of the contract for the purchase of the land from A. J. Phillips on June 8, 1920. The court was of the opinion that the judgment of $1000 in favor of D. J. Dunham against A. J. Phillips and J. O. Phillips should be applied as a setoff against the judgment of A. J. Phillips against D. J. Dunham for the sum of $1,650 and that the balance, which is $650, should be declared a lien upon the $6,000 held in escrow by said First National Bank. Said bank was directed to deliver the deed held by it in escrow to A. J. Phillips and to deliver the balance of the $6,000, after deducting the $650, to D. J. Dunham. The bank was ordered to cancel the $6,000 note held by it in escrow and surrender the same to D. J. Dunham.

A decree was entered accordingly, and to reverse that decree an appeal was taken by D. J. Dunham from that part of the decree which affected his interest adversely, and an appeal was taken by A. J. Phillips from that part of the decree which affected him adversely.

*John W. Grabiel,* for appellant.

J. O. Phillips, being one of the wrongdoers, is not entitled to relief. 6 R. C. L. 932, par. 316.

There was a failure to show any damage to the orchard or apple crop by want of spraying and cultivating. 67 Ark. 371; 97 Ark. 54; 57 Ark. 512; 71 Ark. 302.

The relation of tenants in common is not that of partners, unless by agreement. 158 Pa. St. 197; 38 A. S. R. 838. One tenant in common cannot bind the other or the estate by an unauthorized act. 38 Cyc. 101. They do not sustain the relation of principal and agent, and are not partners. 91 Ark. 133.

There is no relation of landlord and tenant between A. J. Phillips and the joint purchasers. 27 R. C. L. 654, sec. 416; 148 U. S. 345.

The legal unity of possession is the only unity among tenants in common; such tenants hold by several and distinct titles. 230 S. W. 579. One tenant cannot bind his cotenant by his unauthorized contracts or torts. 91 Ark. 133.

The relation of cotenancy between owners of property gives rise to no power on the part of one to render his cotenant liable to himself or bind third persons by any expenditures he may make or contracts he may enter into. 7 R. C. L. 874; 138 Ala. 399; 89 Me. 103; 159 Pa. St. 10; Note 91 A. S. R. 880.

Appellant was entitled to rescind the contract, because appellee was at all times in default. 8 How. 134; 197 Fed. 788; 166 Mass. 139; 92 U. S. 104.

HART, J. (after stating the facts). In the first place it may be said that A. J. Phillips has not filed a brief in the case, and under the settled rules of practice in this court he will be deemed to have abandoned his appeal. This leaves but a single issue raised by the appeal of D. J. Dunham, and that is the question of whether or not A. J. Phillips was entitled to recover the rents and profits after the contract for the sale of the land was rescinded.

It will be remembered that D. J. Dunham brought this suit for the purpose of having the contract for the sale of the land rescinded, and that A. J. Phillips in his answer stated that he was willing to have the contract rescinded

but asked for judgment for the rents and profits of the land after the date of the sale.

The court rendered judgment in favor of A. J. Phillips against D. J. Dunham for the sum of $1,650, which was found to be one-half of the value of the peach crop which Dunham and J. O. Phillips took from the land after the sale to them.

The court correctly held that A. J. Phillips was entitled to recover the rents and profits from the land. Dunham and J. O. Phillips took possession of the land under their contract of purchase, and if Dunham wished to rescind the contract he must restore the land and account for the rents and profits. *Davis* v. *Tarwater,* 15 Ark. 286, and *Griffith* v. *Maxfield,* 63 Ark. 548.

We are also of the opinion that the finding of the amount of rents by the chancery court is not against the preponderance of the evidence. According to appellant's own testimony, he was interested in three different peach orchards with J. O. Phillips and received $2,200 as his share in the whole venture. While he does not think that any of this came from the A. J. Phillips orchard, he is not sure of it. At any rate, he admits that J. O. Phillips had the entire charge of gathering the peach crop and that he had nothing to do with it.

On the other hand, A. J. Phillips testified positively that he was employed to help gather the peaches and that 825 bushels were gathered which were worth $4 per bushel.

Under the settled rules of this court a finding of fact made by the chancellor will not be disturbed on appeal unless it is against the preponderance of the evidence.

Therefore the decree will be affirmed.