# WALDRON METAL RECYCLING COMPANY, INC. and C. A. STRICKLAND *v.* James H. MEUSER and Elizabeth BOLL

CA 84-21                                        679 S.W.2d 217

Court of Appeals of Arkansas
Division II
Opinion delivered November 14, 1984

*Jones, Gilbreath & Jones,* for appellant.

*Davis & Bracey, P.A.,* by: *Charles E. Davis,* for appellee.

LAWSON CLONINGER, Judge. This case arises from a business dispute between appellant Strickland and appellees Meuser and Boll. Appellant Strickland provided approximately $75,000 in capital and appellee Meuser provided the assets of a radiator shop he formerly owned to finance a radiator shop and salvage yard known as Square S Company. Appellant Strickland employed appellee Meuser as manager. A dispute arose concerning whether appellee Meuser's salary consisted of wages or a draw against 40% of the profits. Another dispute arose concerning whether the initial agreement entitled appellee Meuser to receive 40% of the business or merely 40% of the profits.

The business ended in March, 1982, following an unsuccessful attempt to resolve conflicts, when appellees took all the assets of Square S Company and moved them to appellee Boll's property, where they opened their own radiator shop and salvage yard. Appellee Meuser brought suit against appellants to recover $350,000 for appellant Strickland's breach of promise to invest $250,000 into the partnership, and for 40% of the Square S partnership assets and 40% of the assets of appellant Waldron Metal Recycling Company. Appellants filed a counterclaim against appellees in which they sought to replevy the assets taken by appellees. At a replevin hearing, the court directed the sheriff to take certain specified property from appellees. When the matter came to trial, the jury returned a verdict in favor of appellee Boll in the amount of $8,200, and a verdict in favor of appellee Meuser which stated:

> We, the jury, find in favor of the Plaintiff, James H. Meuser, and against the Defendants, Waldron Metal Recycling Company, Inc. and C. A. Strickland and award James H. Meuser damages in the amount of $20,300.00.
>
> . . .
>
> With the stipulation that all equipment and/or materials be returned to C. A. Strickland.

The trial court incorporated the condition in its judgment. Appellants filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial on the ground that the jury had rendered an improper verdict. The motion was denied by the trial court, and this appeal resulted.

We agree with appellants that the trial court erred in refusing to set aside the jury's verdict, and we reverse and remand for a new trial. The trial court, in adopting the jury's stipulation, entered a conditional judgment. Little discussion of conditional judgments appears in the case law of Arkansas. However, in *Brotherhood of Locomotive Firemen and Enginemen* v. *Simmons,* 190 Ark. 480, 79 S.W.2d 419

(1935), the Arkansas Supreme Court stated:

> Judgments must be certain. Their validity and binding force must rest upon facts existing at the time of rendition. Judgments take their validity from the action of the court based on existing facts, and not from what may happen in the future after the court has rendered its judgment.

The Arkansas Supreme Court has flatly held conditional judgments void. *Brown* v. *Maryland Casualty Co.,* 246 Ark. 1074, 442 S.W.2d 187 (1969). In *Brown,* the trial court entered judgment for a sub-contractor against the prime contractor, and for the prime contractor against its surety; then the court granted judgment in favor of the surety against the property owners and the architects for anything the surety might be required to pay the prime contractor. The Arkansas Supreme Court, in reversing and remanding, stated:

> Inasmuch as the judgments in favor of Maryland and against Brown, Laird and the housing authority were made dependent upon the amount which was paid by Maryland on the judgment in favor of Con-Ark, those judgments must be reversed also, in spite of the fact that we could dismiss the appeal of the housing authority or affirm the judgment against it because of its failure to file a brief on cross-appeal. See Rule 10; *Dunham* v. *Phillips,* 154 Ark. 87, 241 S.W. 361; *Day* v. *Langley,* 202 Ark. 775, 152 S.W.2d 308. These judgments were void as conditional judgments in any event. *Bank of Commerce* v. *Goolsby,* 129 Ark. 416, 196 S.W. 803; See also *Brotherhood of Locomotive Firemen and Engineers* v. *Simmons,* 190 Ark. 480, 79 S.W.2d 419.

Appellants also argue that the court erred in refusing to direct a verdict on the issues of breach of contract with appellee Meuser and breach of contract with appellee Boll. The circumstances recited by both sides in the dispute were riddled with factual inconsistencies. A question was therefore properly formulated for a jury's consideration. In *Brotherhood of Locomotive Firemen and Enginemen* v.

*Simmons, supra,* the Supreme Court modified the decree of the trial court so as to eliminate the conditional element. That is not possible in this case thus, the cause must be reversed and remanded for a new trial.

CRACRAFT, C.J., and GLAZE, J., agree.