CLOMAN *v.* CLOMAN.

5-1652                                    316 S. W. 2d 817

Opinion delivered October 6, 1958.

[Rehearing denied November 10, 1958]

*T. O. Abbott,* for appellant.

*T. P. Oliver, J. S. Thomas* and *W. A. Speer,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, Carrie Cloman, and appellee, Marion Cloman, negroes, were married in November 1922 in El Dorado, Union County, Arkansas. They separated in May 1953 and appellant brought the present suit June 27, 1957, alleging in her complaint that appellee "without just cause and without any explanation to the plaintiff left their home at 130 Rock Island Avenue in El Dorado, Arkansas, where they had been living as husband and wife for years and moved a few blocks away from their said home and began living with a younger woman, namely, Rosie Lee Hardy, with whom the defendant soon thereafter went through a marriage ceremony on June 9, 1953, at Magnolia, Arkansas. This purported marriage

between the defendant and the said Rosie Lee Hardy took place after the defendant had fraudulently, and upon false and fraudulent affidavits and perjured testimony, obtained a decree for divorce (in Columbia County). In order to obtain said fraudulent and void decree for divorce the defendant made affidavit for warning order in which he swore that the plaintiff was a non-resident of the State of Arkansas, when at the time said affidavit was made said defendant well knew that the plaintiff was still residing in their home in El Dorado, Union County, Arkansas, where the plaintiff and the defendant had lived as husband and wife for many years. Said defendant further falsely swore and the witnesses on his behalf falsely swore that this plaintiff was a non-resident of Arkansas, and that the defendant was a resident of Columbia County, Arkansas, when in truth and fact defendant was at the time residing in El Dorado, Arkansas within a few blocks from the home where he had lived with the plaintiff and where the plaintiff was still residing . . . Plaintiff states that she is in very poor health and is unable to work and earn a living and is under care of doctors, and that the defendant is a veteran of World War I and is also a retired railroad worker and has ample means with which to support and maintain this plaintiff as his legal wife. Plaintiff states that defendant has had a stroke, and is in a wheel chair. That plaintiff is willing for defendant to return to their home, where defendant can be cared for during his lifetime.'' She prayed for suit money, including attorney's fees, and for reasonable maintenance and support.

Appellee answered with a general denial and pleaded laches and estoppel. Trial resulted in a decree dismissing appellant's complaint for want of equity. The decree in part recites: ''. . . this court does not have jurisdiction to annul a decree rendered at a former term of court of the Columbia Chancery Court, First Division; that this court further finds that if this court had jurisdiction the plaintiff is estopped and the plaintiff's petition to annul and for maintenance, attorney's fee, and costs should be denied.'' This appeal followed.

It appears undisputed in this case that at the time appellee secured a decree of divorce from appellant in Columbia County that neither of the parties was a resident of Columbia County or had either of them ever lived or resided in that county. In fact, both had lived all their lives in Union County. We hold, therefore, that the Columbia County divorce decree was absolutely void for lack of jurisdiction of the Columbia Chancery Court. It is well settled that the decree of a court that had no jurisdiction of the subject matter or of the parties has no legal force and effect. It is a nullity. See *Cooper* v. *Cooper*, 225 Ark. 626, 284 S. W. 2d 617. Under the topic *Divorce and Alimony, Ark. Stats.* 1947, *Sec.* 34-1204, Venue-Service of process, provides: "The proceedings shall be in the county where the complainant resides, and the process may be directed in the first instance to any county in the State, where the defendant may then reside." So at the time the present suit was filed the parties here had never been legally divorced and were still husband and wife. Our law is so well established that it is the duty of the husband to furnish maintenance and support for the wife that citation of authorities seems unnecessary. We think that the preponderance of the testimony shows that immediately after appellant learned of the Columbia County divorce decree she immediately employed an attorney and filed the present suit in Union County.

We do not agree that laches is a defense to the present suit. "Generally, laches does not bar such a suit (for support and maintenance) the right of suit being continuous, although condonation may have such effect." *Vol.* 27 *Am. Jur., Sec.* 407, *p.* 15. We find no sufficient evidence to support condonation here. We think the preponderance of the evidence in this record fails to support the alleged separation agreement and we find nothing that would prevent appellant, who had lived with appellee from their marriage in 1922 until he left her in 1953 — without just cause, from claiming her legal rights as his lawful wife.

The evidence shows that appellant was 53 years old, in poor health, without funds and unable to support her-

self. Appellee is a disabled war veteran, and receives monthly a check from the federal government in the amount of $314 in addition to his social security and some other income. Accordingly, the decree is reversed with directions to allow appellant reasonable support and maintenance as appellee's wife, together with all her costs, and a reasonable amount for her attorney's fee.

Chief Justice HARRIS and Justices McFADDIN and MILLWEE dissent.