DR. KERN E. CHESTER v. ARKANSAS STATE BOARD OF CHIROPRACTIC EXAMINERS

5-4690                                      435 S.W. 2d 100

Opinion Delivered December 23, 1968

*Rhine & Rhine* and *Ward & Mooney* for appellant.

*Shackleford & Shackleford* for appellee.

CARLETON HARRIS, Chief Justice.     On March 7, 1967, the Arkansas State Board of Chiropractic Exam-

iners, appellee herein, conducted a hearing wherein Dr. Kern E. Chester, appellant herein, was charged with unethical advertising. Exhibits were offered which consisted of various communications written by Dr. Chester, in which, *inter alia,* he stated that X-rays and examinations were free of charge. Chester was afforded the right to rebut or explain the charges presented against him, but appellant stated that he would continue the advertising. On April 24, 1967, the board advised Chester that it was reopening the case, and that there was sufficient evidence, if not rebutted or explained, to justify appellee in suspending or revoking his license. The letter explained that the evidence was in the nature of written communications and advertising, including free X-rays and examinations. Appellant was told that he could obtain a hearing by request, and such request was made, the hearing being conducted on Sunday, May 28, 1967. Chester was present with his attorney but did not testify. The president of the Arkansas Chiropractic Association, and the chairman of the Ethics Committee of the Arkansas Chiropractic Association, were the only witnesses at the hearing, though numerous communications from Dr. Chester to other doctors and to his patients, the last advertising free X-rays and examinations, were offered in evidence. The board entered its order on June 15, 1967, finding:

"That Dr. Kern E. Chester has published advertising that contains misleading, distorted and biased statements and announces free X-rays and examinations which is unethical advertising and unprofessional conduct."

Thereupon, the board suspended Chester's license to practice for a period of 60 days, and further ordered that he be placed on probation for a period of 2 years. The order concluded with a notice to appellant that he had the right of appeal from this final decision of the board, and the statutory requirements for appeal were set forth.

Early in September, the board filed a complaint in the Pulaski County Circuit Court, setting out the facts previously stated, and the further fact that no appeal had been taken by Chester from the order. The court was asked to order Dr. Chester to comply with the board directive. Thereafter, appellant filed his motion to dismiss the complaint, asserting that the board's order was not a lawful one, because it had exceeded its authority in suspending his license, and that it had no power to determine that free X-rays and examinations constituted unethical conduct. The motion was denied, and appellant then filed his answer wherein he asserted that there was no legal basis for the board to hold the hearing; that Chester was not charged with any offense which violated the provisions of the act relating to the practice of chiropractics; that the hearings were not held in accordance with the law, and that the purported hearing on May 28 was absolutely void.

On November 30, 1967, the board moved for summary judgment, including with the motion a transcript of the proceedings at the May hearing. No response was filed, and on March 20, 1968, the court granted the motion, and entered the judgment sought, directing Chester to comply with the order of the board. From the judgment so entered, appellant brings this appeal.

Several points are urged for reversal, but appellee takes the position that none of the points which relate to the board hearing can be relied upon by appellant, since he did not appeal from the board's order. Appellee contends that the matter is *res judicata* and calls attention to the provisions of Act 103 of 1963, which is the controlling act in this litigation.[1] Section 16 of that act provides:

[1]This is also disputed by appellant who asserts that the controlling statute is Act 434 of 1967, which repealed Act 103. Under the view that we take, there is no need to discuss this question, though it might be pointed out that Act 434 contained a savings clause which provided that the repeal should not affect proceedings pending under 103 on the effective date of 434.

"Failure to file such notice of appeal in the manner and within the time stated shall operate as a waiver of the right to appeal and shall result in the decision of the board becoming final; except that for good cause shown, the judge of the circuit Court may issue an order permitting a review of the board decision notwithstanding such waiver."

Appellee says that the doctrine of *res judicata* has been held to apply to decisions of state boards, and cites *Bockman* v. *Arkansas State Medical Board,* 229 Ark. 143, 313 S.W. 2d 826 (1958). This case, because of the factual situation there shown, is not clear authority for appellee's position, but if we assume, without deciding, that the case is in point, the litigation is not decided, for a collateral attack can be made upon a void judgment. *McClellan, Mayor* v. *Stuckey,* 196 Ark. 816, 120 S.W. 2d 155. The question then is whether the order rendered by the State Board of Chiropractic Examiners was void. Since we consider the answer to that question to be definitely in the affirmative on one point raised, there is no necessity to discuss other arguments advanced by appellant in support of his position. We hold that the judgment was void because the hearing was held on Sunday.

First, let it be pointed out that the very first section which appears in our statutes, *viz.,* Ark. Stat. Ann. § 1-101 (Repl. 1956), provides that the common law of England, insofar as the same is applicable and of a general nature, and not inconsistent with the constitution and laws of the United States or the constitution and laws of this state, shall be the rule of decision in this state, unless altered or repealed by the General Assembly. This statute, in substance, was a part of our law while we were still a territory, and it was afterwards reenacted as a part of the law of this state. Under the common law, Sunday was *dies non juridicus.*[2] In 50

---

[2] A non-judicial day.

Am. Jur. *Sundays and Holidays,* § 73 at Page 858 (1944), we find:

"*** In jurisdictions where the common law prevails, the right or authority to perform any judicial act on Sunday must be derived from a statute conferring that right or authority, and a statute conferring such right should, like any other statute in derogation of the common law, be strictly construed."

As early as 1838, approximately two years after the admission of this state into the Union, a statute relative to judicial acts on Sunday was enacted. From that date until 1955, the statute remained unchanged, and read as follows:

"No court shall be opened, or transact business on Sunday, unless it be for the purpose or receiving a verdict or discharging a jury; and every adjournment of a court on Saturday shall always be to some other day than Sunday, except such adjournment as may be made after a cause has been committed to a jury; but this section shall not prevent the exercise of the jurisdiction of any magistrate when it may be necessary, in criminal cases, to preserve the peace or arrest the offenders."

In 1955, Act 30, amending this statute, was passed, making no change in the above language, but adding the following:

"nor shall this section inhibit the exercise of the jurisdiction of any magistrate on Sunday in disposing of misdemeanor cases where the defendant desires to and does enter a plea of guilty or a plea of nolo contender [contendere]."

The original section and the amended section now comprise the whole of Ark. Stat. Ann. § 22-120 (Repl.

1962). It is thus apparent, under Sections 1-101 and 22-120, that no judicial acts can be performed in this state on Sunday, except as specifically authorized by the last section. This court, in *Eyer* v. *State,* 112 Ark. 37, 164 S.W. 756, commented:

"At common law Sunday was not a judicial day, and all proceedings had on that day were void.

*That is so under our statutes except as to proceedings which the statutes authorize on that day.''*[3]

While appellee, as to this contention by appellant, simply relies entirely upon the fact that no appeal was taken from the board order, one might, at first blush, argue that the order by the State Board of Chiropractic Examiners is not affected, since the board is not a court, nor is it generally thought of as a judicial body, but such argument, if made, would be erroneous. In 26 A.L.R. (2d Series), at Page 996, there appears an annotation on the subject of the validity of administrative proceedings conducted on Sunday. On Page 997, it is stated:

"Although there is some authority which indicates the contrary, the judicial or quasi-judicial proceedings of administrative authorities have been definitely held to come within the common-law rule rendering void judicial proceedings conducted on Sunday.

"At common law Sunday is dies non juridicus except for the performance of purely ministerial acts and a judgment rendered on Sunday in a judicial or quasi-judicial proceeding is void. The distinction between a judicial and a ministerial act is whether the act involves, or does not involve, discretion. The judicial function consists of (a) ascertainment of facts, (b) application of law to the facts and (c) the rendition of a judgment or order based on the legal effect of such facts. An act is

[3]Emphasis supplied.

a ministerial act only when the record is in such condition that there is no discretion to be exercised on the part of the board except to perform a particular act or duty in but one way, as a legal and obligatory duty of the office."

One of the leading cases in this field is the case of *Texas State Board of Dental Examiners* v. *Fieldsmith*, 242 S.W. 2d 213. There, the State Board of Dental Examiners heard the evidence against Fieldsmith, a dentist, on a Sunday, the evidence presenting a question of fact to be determined, and the board took the case under consideration. Over a month later, they entered an order (not on a Sunday) finding Dr. Fieldsmith guilty of the charge of unprofessional conduct in the practice of dentistry, and suspended his license to practice for a period of 60 days. Fieldsmith appealed this order to the District Court of Dallas County, and that court entered a summary judgment, setting aside the board's order. The board then appealed to the Court of Civil Appeals of Texas (Dallas Division), and that court affirmed the District Court, stating:

"A judgment rendered on Sunday in a judicial or quasi-judicial proceeding is void. [Citing cases.] But appellant asserts that a setting of a hearing on, and reception of evidence on, Sunday is a ministerial act and not a judicial or quasi-judicial act.

"Under the common law as adopted in Texas, Sunday was dies non juridicus. The exception was the performance of purely ministerial acts. The distinction between a judicial and a ministerial act is whether the act involves, or does not involve, discretion. [Citing cases.]

"The judicial function consists of (a) ascertainment of facts, (b) application of law to the facts, and (c) the rendition of a judgment or order based on the legal effect of such facts.

"An act is a ministerial act only when the record is in such condition that there is no discretion to be exercised on the part of the Board except to perform a particular act or duty in but one way, as a legal and obligatory duty of his [sic] office.

"Under the record here we are of the opinion that the reception of evidence and the investigation of facts by the Board involved discretion and was a quasi-judicial act. [Citing case.]

"The setting and hearing on Sunday were, therefore, void acts."

Certainly, in the case before us, no ministerial act was being performed; rather, the hearing conducted by the board dealt entirely with ascertaining facts, and an order was subsequently rendered on the legal effect of such facts.

Under our statute, as interpreted by this court, the order entered as a result of the hearing on Sunday, May 28, 1967, was void.

Reversed.