Dorothy EDGIL *v.* Roy Russell RAGSDILL Sr.

74-65                                        511 .S.W. 2d 625

Opinion delivered July 15, 1974

*Sarver & Scott* by *Bob Scott,* for appellant.

*Gibson, Gibson & Gibson, Howell, Price, Howell & Barron* by
*F. J. Howell, Jr.,* for appellee.

LYLE BROWN, Justice. There are two issues on this
appeal. The chancellor held that upon the death of the parent
having custody of a minor child the court lost jurisdiction to
make further orders relative to custody. The other issue stems
from the denial of an attorney's fee. In that connection the
wife filed a second petition for divorce and before summons
was served on the husband, the wife died. The wife's attorney
filed a petition for attorney's fee for services respecting the se-
cond petition and the court held that its jurisdiction ter-
minated with the death of the wife.

On December 12, 1972, the chancellor entered a decree
on the petition of Roy Russell Ragsdill, Sr., and the
counterclaim of Martha Kathryn Ragsdill. The decree
denied a divorce to either party. Custody of a minor child,
James Thomas Ragsdill, a mongoloid, was awarded the
mother together with support money. The wife was given
possession of the homestead in Little Rock, along with
household furnishings. The wife's attorney was awarded a fee
of $1,000 plus $231.30 costs incurred.

One year later the wife filed a new petition for divorce in
the same case alleging adultery. She died in about ten days
after the filing. Shortly thereafter, Dorothy Edgil, appellant
here, filed a petition to intervene, seeking custody of the then
minor child and support money. The petitioner is an aunt of
the child. The chancellor dismissed the petition to intervene
on the ground that the court lost jurisdiction upon the death
of the mother. Appellant's single point for reversal is the
alleged error in dismissing her petition.

The other principal point concerns the denial of an at-
torney's fee to attorney Bob Scott. Shortly after the death of
Martha Kathryn Ragsdill, Mr. Scott filed his petition for an
attorney's fee. The petition recited that Mr. Scott represented
the mother continuously since the entry of the decree in 1972
until her death in 1973; that he spent a considerable amount
of time in consultation with the mother; and that he had
spent considerable funds for a private investigator

preparatory to filing the second petition for divorce on grounds of adultery. The court denied that petition on the theory that it lost jurisdiction upon the death of Martha Kathryn Ragsdill.

Upon the death of the custodial parent we conclude that the chancery court lost jurisdiction to make further orders in the divorce and custody case concerning the custody of the child. Appellant filed her petition in the case styled *Ragsdill* v. *Ragsdill*, which was the divorce and custody case. We gather from undisputed statements in the briefs that Dorothy Edgil is a resident of Alabama; that the mongoloid child is living with her; and that Roy Russell Ragsdill, Sr., is a resident of Pulaski County. The action in which Dorothy Edgil filed her petition was in a suit in Jefferson County. The facts recited establish a practical reason for the law which we follow in disposing of the first point.

The nearest case in point cited by appellant is *Brown* v. *Brown*, 218 Ark. 624, 238 S.W. 2d 482 (1951). In fact *Brown* is cited by both parties to support their respective positions. In that case the mother was granted custody of the three minor children. Upon her death the husband sought modification of the custody award. The trial court entertained the petition and made an award, dividing the custody, two children to the father and the youngest child to an uncle and aunt. We reversed, placing custody of the three children in the father. It is clear to us in *Brown* that the jurisdiction of the court over the father's petition for modification was not challenged. In the case before us, jurisdiction of the trial court was attacked on the specific ground that the trial court had lost jurisdiction upon the death of the custodial parent. In the case before us, and particularly in the light of the undisputed facts we have recited, we think the majority rule as stated in 39 ALR 2d, p. 278, § 7 (a) is decisive. There it is stated that when the custody of children is awarded in a divorce and custody decree and the custodial parent dies, "the custody provisions of the decree ordinarily come to an end, of necessity and because intended to operate only as between the parents (see § 3, supra), [and] it would seem that ordinarily upon such death occuring the jurisdiction of the divorce court to provide, in the divorce suit, for the custody of the children

must also terminate. In fact that clearly is the majority view, notwithstanding the usual statutory provisions to the effect that the divorce court may change its custody provisions from time to time as circumstances require."

Nothing we have said would prevent the filing of a custody proceeding in a court of competent jurisdiction.

In respect to the second point — the application for a fee by the attorney for the deceased wife — we must hold that the chancellor was correct in denying the fee on the ground that it had lost jurisdiction. 27A C.J.S. Divorce § 226. It should be remembered that the wife's second petition for divorce had not proceeded beyond the filing of a complaint and a general denial. In fact there was no service of summons on the husband until after the wife's death. In support of the general statement of law from C.J.S. we find such cases as *Greer* v. *Greer*, (Col. 1942), 130 P. 2d 1050; *Sutphen* v. *Sutphen*, (N.J. 1928), 142 A. 817; *Rosenhouse* v. *Ever*, (Fla. 1963), 150 So. 2d 732; *Fitzgerald* v. *Williams*, (D.C. 1961), 170 A. 2d 777.

Affirmed.