Bobbie Jean CHILDRESS *v.* Vicky McMANUS,
Personal Representative

83-284                                                668 S.W.2d 9

Supreme Court of Arkansas
Opinion delivered April 23, 1984

*Felver A. Rowell, Jr.,* for appellant.

*Gary Eubanks & Associates,* by: *J. Lamar Porter,* for appellee.

JOHN I. PURTLE, Justice. The chancellor held that a divorce announced from the bench at the close of trial was valid although the husband died before the decree was entered. Appellant wife argues the decree entered after the husband's death was a nullity. We hold she is correct because ARCP Rule 58 plainly states a decree is effective only when entered as provided by Rule 79(a).

A hearing in the divorce proceeding was held on August 17, 1981, and the chancellor announced from the bench he was granting the divorce. The husband died on August 30, 1981. A decree was entered on October 6, 1981. The husband's will was subsequently admitted to probate and his daughter was appointed personal representative of the estate. Both parties subsequently instituted affirmative proceedings to enforce the decree. Appellant obtained a new lawyer and filed an objection in the probate proceedings and a petition in chancery to declare the decree of a divorce a nullity. Both courts denied the petitions and upheld the decree of divorce which was entered after the death of the defendant husband. On appeal it is simply argued that the divorce decree was a nullity. We agree because ARCP Rule 58 is controlling.

The appellee argues the appellant should be estopped

from denying the validity of the decree because she never objected to the statement by the court when the decision was announced at the close of the trial nor did she appeal from the decree which was entered. Further it is argued she relied upon the decree when she sought to cite the personal representative for contempt of court in refusing to abide by the terms of the decree. We considered the matter of estoppel in *Padgett* v. *Bank of Eureka Springs,* 279 Ark. 367, 651 S.W.2d 460 (1983) and held:

> "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury."

It is obvious that both parties knew the facts and there is no argument or a detrimental reliance. We do not believe the estoppel doctrine is applicable to the facts of this case.

The second argument relied upon by the appellee is that appellant failed to timely appeal from the entry of the decree within the statutory 30 day period. Unless the decree is void the 30 day period would be binding. In *Greenstreet* v. *Thornton,* 60 Ark. 369, 30 S.W. 347 (1895), this court held:

> "The defendant named in this proceeding was dead, and the decree based on a summons against him . . . was of no validity whatever. [Citations omitted.] The contention of appellant that the decree in question cannot be made the subject of a collateral attack is not well taken, for the decree is void. A void judgment or decree is a mere nullity, and has no force, either as evidence or by way of estoppel.' [Citations omitted.]"

The holding that a void judgment may be attacked collaterally was reaffirmed in *Chester* v. *Arkansas State Board of Chiropractic Examiners,* 245 Ark. 846, 435 S.W.2d 100 (1968).

Death of a party to a divorce proceeding takes away the

jurisdiction of the chancery court. *Edgil* v. *Ragsdill*, 256 Ark. 958, 511 S.W.2d 625 (1974). A judgment rendered without jurisdiction is void. *Cloman* v. *Cloman*, 229 Ark. 447, 316 S.W.2d 817 (1958). ARCP Rule 58 states: "[a] judgment or decree is effective only when so set forth and entered as provided in Rule 79 (a)." The comment to this rule points out that the date of entry, as opposed to the date of rendition, is the effective date for appeal purposes. However, the date of entry is not controlling in the present case because death extinguished the jurisdiction of the court. It is not necessary to appeal from a void order because it never became effective. A void order is subject to collateral attack. *Pendergist* v. *Pendergist*, 267 Ark. 1114, 593 S.W.2d 502 (1980).

The case is reversed and remanded to the trial court with directions to proceed in a manner not inconsistent with this opinion.