Timothy D. SUMMERS *v.* Michael GRIFFITH

93-1282                                    878 S.W.2d 401

Supreme Court of Arkansas
Opinion delivered June 27, 1994
[Rehearing denied September 12, 1994.]

*Tona M. DeMers*, for appellant.

*J. Larry Allen*, for appellee.

STEELE HAYS, Justice. This appeal challenges a decree of adoption granted four years earlier. Timothy Summers, appellant, married Kristy Griffith in December, 1982, and a daughter was born in April, 1985. Timothy and Kristy were divorced in June, 1986. Kristy was awarded custody with reasonable visitation rights granted to Timothy. In September, 1986, Timothy was convicted of robbery and sentenced to five years imprisonment. Kristy married Michael Griffith, appellee, in October, 1986.

While Timothy was still incarcerated Michael Griffith filed for adoption of the minor child and Timothy objected. A hearing was held in July, 1988. Timothy testified at the hearing in opposition to the adoption. On August 17, 1988, a decree was entered granting Michael's request for adoption. No appeal was taken.

After his release from prison in October, 1992, Timothy filed a motion to set aside the 1988 adoption. A hearing on the motion was held on March 17, 1993. The trial court denied the motion and appellant brings this appeal, asserting that the court granting the adoption did not have jurisdiction, the decree was obtained by fraud, and the appellant was in prison and under a legal disability during the time for appeal.

In denying appellant's motion, the trial court relied on Ark. Code Ann. § 9-9-216 (1987):

(a) An appeal from any final order or decree rendered under this subchapter may be taken in the manner and time provided for appeal from a judgment in a civil action.

(b) Subject to the disposition of an appeal, upon the expiration of one (1) year after an adoption decree is issued, the decree cannot be questioned by any person including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period.

Appellant argues the trial court failed to make the required findings in the original order for adoption and therefore had no subject matter jurisdiction to grant a decree of adoption.

■ We need not address the arguments raised on appeal. Timothy D. Summers has no standing to set aside the adoption decree and is procedurally barred to proceed in this matter under both Ark. Code Ann. § 9-9-216 (Repl. 1993) and ARCP Rule 60(c)(4). Michael Griffith filed a petition for the adoption of Tiffany Summers on March 30, 1988, and Mr. Summers received notice of Griffith's petition. Summers then filed a formal objection, attended a hearing on the adoption petition, but *failed* to appeal from the adoption decree which was entered on August 17, 1988. In fact, he waited until October 8, 1992, or more than four years, to file his motion to set aside the decree.

■ Indisputably, the probate court in this matter had subject matter jurisdiction to enter the adoption decree. In addition, Summers did not allege that extrinsic fraud occurred which is required in these circumstances in order to vacate or modify a decree which had been entered for more than ninety days. Rule 60(c)(4). Applying § 9-9-216, Summers was also barred since that statute provides an adoption decree cannot be questioned by any person in any manner upon any ground after the decree has been issued for more than one year.

Affirmed.