Mr. William B. Fisher, Chairman Arkansas State Board of Education 4 State Capitol Mall Little Rock, AR 72201-1071
Dear Mr. Fisher:
This is in response to your request for an opinion on the following questions:
 1. May the State Board of Education meet on Sunday to conduct official business?
 2. If the answer is "yes," are the State Board of Education's actions restricted; and, if so, in what manner?
You indicate that these questions have been raised in light of the Arkansas Supreme Court's decision in the case of Chester v. Ark.Chiropractic Examiners, 245 Ark. 846, 435 S.W.2d 100 (1968).
It is my opinion that the answer to your first question is, generally, "yes." There is no general prohibition against holding a business meeting of the State Board of Education ("Board") on a Sunday. As noted in response to your second question, the common law prohibition, addressed in Chester, supra, against the performance of judicial acts on Sunday might restrict particular business of the Board if conducted on a Sunday. A conclusive determination in this regard would, however, require consideration on a case-by-case basis.
As noted in Chester, supra, at common law Sunday was a nonjudicial day and no judicial act or proceeding could be done or had on that day.245 Ark. at 851. See also A.C.A. § 16-10-114(a) (Repl. 1994) (providing that "[n]o court shall be opened or transact business on Sunday unless it is for the purpose of receiving a verdict or discharging a jury.") As a general matter, therefore, the prohibition is not directed toward proceedings of an executive, administrative, or legislative character.See 73 Am. Jur. 2d Sundays and Holidays § 122 (1974).
It must be recognized, however, that the court in Chester specifically rejected the notion that because the State Board of Chiropractic Examiners is not a court and is not generally thought of as a judicial body, it is not affected by the rule rendering void judicial proceedings conducted on a Sunday. The court adhered instead to the position that "judicial or quasi-judicial proceedings of administrative authorities" come within the prohibition. The court quoted from 26 A.L.R.2d 996 (1952) as follows:
 Although there is some authority which indicates the contrary, the judicial or quasi-judicial proceedings of administrative authorities have been definitely held to come within the common-law rule rendering void judicial proceedings conducted on Sunday.
 At common law Sunday is dies non juridicus except for the performance of purely ministerial acts and a judgment rendered on Sunday in a judicial or quasi-judicial proceeding is void. The distinction between a judicial and a ministerial act is whether the act involves, or does not involve, discretion. The judicial function consists of (a) ascertainment of facts, (b) application of law to the facts and (c) the rendition of a judgment or order based on the legal effect of such facts. An act is a ministerial act only when the record is in such condition that there is no discretion to be exercised on the part of the board except to perform a particular act or duty in but one way, as a legal and obligatory duty of the office.
245 Ark. at 851-852. See also Texas State Board of Dental Examiners v.Fieldsmith, 242 S.W.2d 213 (Tex.Civ.App. 1951), discussed in Chester
and in 26 A.L.R. 2d 996.
Thus, in response to your second question, it is my opinion that the Board is prohibited from performing judicial or quasi-judicial acts on Sunday.[1] The "judicial function" is described in the above quotation from Chester.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] According to 73 Am.Jur.2d Sundays and Holidays at § 123, the prohibition extends to disciplinary proceedings before an administrative tribunal held on Sunday, inasmuch as such proceedings are judicial or quasi-judicial in nature.