## Virginia Sue PRICE *v.* Charles Raymond PRICE

98-368                                                      990 S.W.2d 514

Supreme Court of Arkansas
Opinion delivered April 29, 1999

*Arnold, Arnold & Potter,* by: *Clarke D. Arnold,* for appellant.

No response.

PER CURIAM. Appellant Virginia Sue Price moves for a rule on the clerk and shows the court the following facts. On June 17, 1997, a divorce decree involving the appellant and her husband, Charles Raymond Price, was signed by the trial court. On August 8, 1997, Charles Raymond Price died. On June 19, 1998, the divorce decree was entered of record, and on December 11, 1998, a notice of appeal was filed by the appellant.

The notice of appeal was clearly not filed within thirty days of the final decree as required by Ark. R. App. P.—Civil 4(a). The appellant, however, cites this court to the case of *Childress v. McManus,* 282 Ark. 255, 668 S.W.2d 9 (1984), for the proposition that the death of a party nullifies the validity of a subsequent divorce decree. We agree that that is the holding of the *Childress* case. In *Childress,* however, we also said: "It is not necessary to appeal from a void order because it never became effective. A void order is subject to collateral attack." (Citing authority.) *Childress,* 282 Ark. at 258, 668 S.W.2d at 11.

■ The motion for rule on the clerk is denied. The appellant's remedy, as stated in *Childress*, is to attack the void divorce decree collaterally.