NEAL, J., agrees.

Kevin MAYBERRY *v.* Dorothy FLOWERS

CA 99-599                                    12 S.W.3d 652

Court of Appeals of Arkansas
Division IV
Opinion delivered March 15, 2000

*Tripcony Law Firm, P.A.*, by: *James L. Tripcony*, for appellant.

*Gordon, Caruth & Virden, P.L.C.*, by: *Ben Caruth*, for appellee.

ANDREE LAYTON ROAF, Judge. Kevin Mayberry appeals an order from the Conway County Chancery Court dismissing his petition for a writ of *habeas corpus* based upon a finding that he failed to prove that he stood in the position of a parent to seven-year-old James Walter Flowers (James). Mayberry had filed the petition to gain physical custody of the child, who was then residing with appellee Dorothy Flowers, mother of the child's birth father. On appeal, Mayberry argues that the trial court erred in finding that he failed to meet his burden. We reverse[1].

James was born on August 28, 1991, to Janas Renee Flowers (Renee) and Michael Dewayne Flowers (Michael). Renee and Michael subsequently divorced on October 9, 1992, and Renee was awarded custody of James. On November 8, 1993, Renee married Mayberry. Renee brought two children to the marriage, John and James, and three children were subsequently born of the union.

---

[1] We attempted to certify this case to the supreme court as a question of first impression and perceived inconsistencies in decisions of the supreme court; however, certification was denied.

Mayberry adopted John, and Mayberry and Renee filed a joint petition to adopt James on June 14, 1996. The petition included Renee's consent for adoption, which recited that her right to withdraw her consent expired ten days from the time she executed the document. An attorney ad litem appointed to represent James's birth father, Michael, stated in her report, filed for record on September 24, 1996, that she mailed a copy of the adoption petition by certified mail to Michael at the last known address, and the letter was returned unclaimed. Notice to Michael was then made by publication of a warning order in the Petit Jean Country Headlight on February 19 and 26 of 1997.

An order, styled Temporary Order of Adoption, was filed for record on June 16, 1997. The order recited that "from this date the child shall be the child of Kevin Mayberry and Renee Mayberry, and the child's name shall be James Walter Mayberry, and the substitute birth certificate shall show the name of the adoptive parents."

Renee filed a divorce petition on November 1, 1997, alleging general indignities. Mayberry counterclaimed, alleging adultery. On December 3, 1997, Renee moved to dismiss the adoption petition, citing marital difficulties and an imminent divorce as the grounds. The motion was granted by the Conway County Probate Court on February 13, 1998, nearly eight months after the adoption order was entered.

Meanwhile, on January 8, 1998, a temporary order was entered in the divorce proceeding. It vested the parties with joint custody of the five children, including James, but awarded primary physical custody to Renee. Renee, however, died on April 28, 1998. Apparently Michael reappeared and took custody of James for a brief time, then turned the child over to his mother, appellee Dorothy Flowers.

On December 14, 1998, Mayberry petitioned for a writ of *habeas corpus* in Conway County Chancery Court. In his petition, he alleged that he was the adoptive father of James by virtue of the June 16, 1997, Temporary Order of Adoption. At a hearing on the motion, Mayberry's attorney explained that after the dismissal of the adoption petition, Mayberry thought that his parental rights to James no longer existed, but after Renee died, he took James into

his home and sought to obtain a guardianship. When he filed a guardianship petition, Michael was made a party. After a hearing in which Mayberry argued that the order dismissing the adoption petition was void, the trial court denied Mayberry's petition.

On appeal, Mayberry argues that although the adoption order was styled "Temporary Order of Adoption," in reality it was a final decree because no subsequent hearing was required by its terms. Further, because the order purporting to dismiss the adoption petition was entered more than ninety days after the "Temporary Order of Adoption" was entered, the dismissal decree was void because the trial court lacked jurisdiction to enter the order. We agree.

Once an interlocutory decree of adoption is entered, it is to be construed as a final decree if no subsequent hearing is required under the terms of that decree. *McClusky v. Kerlen*, 278 Ark. 338, 645 S.W.2d 948 (1983); *In re Adoption Orders*, 277 Ark. 520, 642 S.W.2d 573 (1982). Further, after entry of a temporary decree of adoption, consent may only be withdrawn if there was a showing of fraud, duress, or intimidation. Ark. Code Ann. § 9-9-209 (a) (Repl. 1998); *Martin v. Martin*, 316 Ark. 765, 875 S.W.2d 819 (1994); *In re Adoption of Milam*, 27 Ark. App. 100, 766 S.W.2d 944 (1989).

Here, although the decree was styled "Temporary Order of Adoption," no further action by the probate court was contemplated by the order. Accordingly, the adoption was final. Further, even if we were to find that the adoption order was a temporary order, Renee's motion to dismiss the adoption petition contains no allegation of fraud, duress, or intimidation. We hold that the probate court's dismissal of the adoption petition more than ninety days after the entry of the "Temporary Order of Adoption" was void because, pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure, the trial court lost jurisdiction to do so. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *Griggs v. Cook*, 315 Ark. 74, 864 S.W.2d 832 (1993); *State Office of Child Support Enforcement v. Offutt*, 61 Ark. App. 207, 966 S.W.2d 275 (1998); *see Summers v. Griffith*, 317 Ark. 404, 878 S.W.2d 401 (1994).

Although the appellee, Dorothy Flowers, argues that Mayberry's failure to appeal from the dismissal order or object to its entry within the time specified by Ark. R. Civ. P. 60 bars this court from considering the matter on appeal, this argument is unpersua-

sive. It is not necessary to appeal from a void order because it never became effective, and a void order is subject to collateral attack. *Childress v. McManus*, 282 Ark. 255, 668 S.W.2d 9 (1984); *see also Price v. Price*, 337 Ark. 372, 990 S.W.2d 514 (1999)(*per curiam*); *West v. Belin*, 314 Ark. 40, 858 S.W.2d 97 (1993). We are not unmindful of the fact that where a probate court has jurisdiction, its judgment, although erroneous, is conclusive, so long as it is not reversed, and cannot be attacked collaterally. *Wilson v. Wilson*, 327 Ark. 386, 939 S.W.2d 287 (1997); *Brown v. Kennedy Well Works, Inc.*, 302 Ark. 213, 788 S.W.2d 948 (1990). However, it is precisely because the probate court acted without authority to set aside the adoption decree that the chancery court was vested with the authority to act in this case. *Cf Wilson v. Wilson, supra.*

We are also not unmindful of the fact that in *In re Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997), a case involving a challenge to an adoption decree, the supreme court stated that because adoptions are special proceedings, the rules of civil procedure do not apply to adoption cases. However, we interpret this statement to be *dicta* in that the issue in *Martindale* was whether Rule 41(a) of the Arkansas Rules of Civil Procedure, pertaining to the right to nonsuit and refile a case, was applicable to adoption proceedings. The supreme court applied Rule 81(a) of the Arkansas Rules of Civil Procedure, which provides in pertinent part that the rules of civil procedure apply to probate court proceedings "except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply," and held that the one-year limitation period specified by Ark. Code Ann. § 9-9-216(b)(Repl. 1998) supplants Rule 41(a) of the Arkansas Rules of Civil Procedure. We note as well that only three years before it handed down *Martindale*, in *Summers v. Griffith, supra*, the supreme court invoked both Rule 60 of the Arkansas Rules of Civil Procedure and Ark. Code Ann. § 9-9-216(b) to affirm a probate court's rejection of a birth father's attempt to overturn an adoption.

Consistent with the methodology prescribed by the supreme court in *Summers v. Griffith, supra*, and Rule 81(a) of the Arkansas Rules of Civil Procedure, we have reviewed the applicable statutory provisions governing adoption proceedings, and we have found no procedural rule that conflicts with the ninety-day jurisdictional limitation on a trial court's ability to set aside an order that is imposed by Rule 60(b). As noted above, this was a stepchild adop-

tion, so the six-month residency requirement set forth by Ark. Code Ann. § 9-9-213 (Repl. 1998) is not applicable. Similarly inapplicable is the provision in Ark. Code Ann. § 9-9-214(c) (Repl. 1998), which allows an interlocutory decree to become final by its own terms six months to a year after entry of the temporary order, because we have already determined that the order in the instant case was a final decree. Finally, we interpret Ark. Code Ann. § 9-9-216(b) (Repl. 1998), which states:

> (b) Subject to the disposition of an appeal, upon the expiration of one (1) year after an adoption decree is issued, the decree cannot be questioned by any person including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period,

to provide a maximum one-year time limit after which any action to set aside an adoption order is barred. This section does not affect the ninety-day limit set forth in Rule 60(b), upon which we rely, and would only serve to limit the time in which a probate court could act to set aside an order pursuant to Rule 60(c). Because Renee's stated grounds for dismissing the adoption petition, allegations of marital difficulties and impending divorce, do not constitute any of the grounds enumerated in Rule 60(c) for setting aside the adoption decree after ninety days, Rule 60(c) could not and did not provide a basis for the probate court's action.

Because the dismissal order was void, we further hold that the trial court was clearly erroneous in failing to find that Mayberry proved that he stood in the position of a parent to James Walter Flowers (James). We therefore reverse and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

BIRD and CRABTREE, JJ., agree.