ARKANSAS DEPARTMENT OF HUMAN SERVICES *v.*
Floyd CAMPBELL

CA 03-1162                                                189 S.W.3d 495

Court of Appeals of Arkansas
Division I
Opinion delivered June 30, 2004

*Gray Allen Turner*, for appellant.

No response.

WENDELL L. GRIFFEN, Judge. This is a one-brief appeal from an order of the Bradley County Circuit Court that reversed and set aside an order of the Office of Appeals and Hearings (OAH) of the Arkansas Department of Human Services (ADHS) requiring appellee Floyd Campbell to be listed on the Child Maltreatment Central Registry. ADHS appeals, raising procedural questions concerning judicial review in the circuit court under the Administrative Procedures Act (APA). We hold that OAH lacked authority to reopen its earlier determination that appellee should not be listed in the registry and affirm the circuit court's reversal of the OAH order placing appellee's name on the registry.

The facts are largely undisputed. On December 19, 1999, a report was made to the child-abuse hotline regarding alleged physical abuse toward a child by appellee. ADHS made a finding of child maltreatment against appellee and placed appellee's name on the child maltreatment central registry. Appellee requested a hearing before OAH to determine whether his name should remain on the central registry. At the hearing on June 13, 2000, ADHS sought a continuance of the hearing because a criminal investigation against appellee was pending but had not been concluded. The request for a continuance was denied, and ADHS advised the hearing officer that it would not proceed or present evidence but that, if appellee was charged and convicted, it would ask for reconsideration and for appellee's name to be listed in the registry. The hearing officer proceeded to hear evidence presented by appellee and, on July 14, 2000, issued a final order finding that ADHS failed to prove by a preponderance of the evidence that

appellee physically abused the minor child.[1] The hearing officer ordered ADHS to remove appellee's name from the registry.

Appellee was eventually charged and convicted of first-degree domestic battery based on the same conduct.[2] On November 16, 2001, ADHS filed a motion pursuant to Arkansas Rule of Civil Procedure 60 seeking to have OAH reconsider the prior order in light of appellee's having been convicted of domestic battery. Appellee was served with the motion by certificate of service. On January 22, 2002, after appellee failed to respond, the hearing officer entered a substituted order granting the motion for reconsideration and finding that ADHS had met its burden of proving that appellee had abused the minor child.

On February 15, 2003, appellee filed a petition for review in circuit court. The petition alleged that the ADHS decision was based on unlawful procedure, was in violation of statutory provisions, was contrary to law, and was not supported by lawful evidence. The petition contained a certificate of service indicating that a copy was served on the ADHS attorney and on the hearing officer. On March 4, 2002, ADHS responded with a motion to dismiss for insufficiency of process, alleging that the APA, in Ark. Code Ann. § 25-15-212 (2002), requires that service of the petition comply with the Arkansas Rules of Civil Procedure. ADHS specifically argued that Rule 4(d)(7) requires service to be on the director of a state agency, and that appellee failed to perfect service because he served the hearing officer and ADHS attorney instead of the ADHS director. Appellee responded to the motion by asserting that Ark. R. Civ. P. 5 applied, authorizing service on ADHS's attorney. The trial court entered an order on October 10, 2002, indicating that, unless appellee properly served ADHS within thirty days, ADHS's motion to dismiss would be granted. An affidavit of proof of service was filed that same day by appellee's attorney, stating that service on ADHS's director was made on October 2, 2002.

At the hearing before the circuit court, no additional evidence was submitted. The trial court entered an order on June 10, 2003, finding that ADHS's petition for modification of the final order entered in July 2000 was barred by *res judicata* and noting the

---

[1] The hearing officer later entered an amended and substituted order on July 25, 2000.

[2] Appellee was fined $10,000. This court affirmed the conviction in *Campbell v. State*, No. CACR02-574 (Ark. App. Mar. 12, 2003).

eighteen-month lapse between the entry of the July 2000 order and the substituted order entered in January 2002. This appeal followed.

ADHS raises three points on appeal: because the circuit court lacked jurisdiction to consider appellee's petition for judicial review, the findings of the administrative law judge (ALJ) should be affirmed; because appellee failed to argue issues of *res judicata* before the ALJ, those issues should not have been considered by the circuit court; and because appellee was convicted by a jury of felony domestic battery against a child, his name should be included on the child maltreatment registry. We do not address ADHS's arguments because we find another issue dispositive of this appeal.

■ On appeal from the circuit court, our review of administrative decisions is directed to the decision of the administrative agency, rather than the decision of the circuit court. *Vallaroutto v. Alcoholic Bev. Control Bd.*, 81 Ark. App. 318, 101 S.W.3d 836 (2003). We review the case only to ascertain whether there is substantial evidence to support the agency's decision or whether the decision runs afoul of one of the other criteria set out in Ark. Code Ann. § 25-15-212(h) (2002). Where the agency's failure to follow its own procedural rules is urged on appeal, the applicable question on review is "whether the [agency's] decision is based upon unlawful procedure." *Stueart v. Arkansas State Police Comm'n*, 329 Ark. 46, 50-51, 945 S.W.2d 377, 379 (1997). "It has become axiomatic that an agency is bound by its own regulations." *Id.* Thus, the decision of an administrative agency may be reversed if the substantial rights of the petitioner have been prejudiced because the administrative findings from which appeal is taken were made upon unlawful procedure. *City of Benton v. Arkansas Soil & Water Conservation Comm'n*, 345 Ark. 249, 45 S.W.3d 805 (2001); *Stueart, supra*.

■■ Here, ADHS filed a motion for reconsideration under Ark. R. Civ. P. 60. The Arkansas Supreme Court has held that the rules of civil procedure do not apply to administrative proceedings. *Wright v. Arkansas State Plant Bd.*, 311 Ark. 125, 842 S.W.2d 42 (1992); *Whitlock v. G.P.W. Nursing Home, Inc.*, 283 Ark. 158, 672 S.W.2d 48 (1984). As such, we reverse the OAH decision because there was no authority for OAH to reconsider the case via a Rule 60 motion for reconsideration. Further, Rule 60 itself, assuming *arguendo* that it does apply, provides for a ninety-day

limitation on setting aside judgments unless there is newly discovered evidence that could not be discovered in time to file a motion for a new trial, misprisions of the clerk, or fraud or misrepresentations, among others. *See* Ark. R. Civ. P. 60(c). ADHS does not allege fraud, misrepresentations, or misprisions, so the only possible basis for reconsideration would have been newly discovered evidence. The only "newly discovered" evidence relied upon by ADHS was the fact that appellee was convicted in October 2001. However, that conviction was based upon the same conduct originally presented to OAH during the July 2000 hearing. Therefore, we do not consider this to be newly discovered evidence. This was beyond the ten-day period for filing a motion for a new trial. Finally, Rule 60(c) also has a one-year time limit running from the earlier of the order being filed or the discovery of the new evidence. ADHS filed its motion within one month of appellee's conviction. However, the motion was filed more than one year from the July 2000 order sought to be modified. Therefore, ADHS's motion was untimely, and OAH abused its discretion by acting without authority in reconsidering its earlier order removing appellee from the registry.

In view of the foregoing factors, we hold that the January 22, 2002 substituted order by the hearing officer, which granted ADHS's motion for reconsideration and directed that appellee be listed on the registry was void. *Childress v. McManus*, 282 Ark. 255, 668 S.W.2d 9 (1984); *Mayberry v. Flowers*, 69 Ark. App. 307, 12 S.W.3d 652 (2000); *see also West v. Belin*, 314 Ark. 40, 858 S.W.2d 97 (1993). Thus, the decision of the agency is reversed.

Affirmed.

GLADWIN and BIRD, JJ., agree.