Vernon O. WILSON, Jimmy Ray Wilson, Joe Wayne Wilson, and Neoma Irene Wilson *v.* Penny Elaine WILSON

95-1034                                    939 S.W.2d 287

Supreme Court of Arkansas
Opinion delivered February 24, 1997

Ball & Mourton, Ltd., by: Kenneth R. Mourton and Dee A. Bailey, and Davis & Watson, P.A., by: Cahrles E. Davis, for appellants.

F. Lewis Steenken, for appellee.

DONALD L. CORBIN, Justice. Appellants, Jimmy Ray Wilson, Joe Wayne Wilson, Neoma Irene Wilson, and Vernon Wilson, the latter being deceased, appeal the order of the Carroll County Chancery Court awarding title to Appellee, Penny Elaine Wilson, of the 240 acres and any other assets in their possession obtained from the estate of Appellee's deceased father, Christopher Wilson. For reversal, Appellants contend the chancery court lacked subject-matter jurisdiction to review the probate court's actions, erred in ruling a constructive trust existed pursuant to the will, and, alternatively, erred in awarding the estate assets to Appellee. The court of appeals certified this case to us as presenting a question about the construction of a will; our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(16) and (d)(1) (as amended by per curiam July 15, 1996). We find merit to Appellants' first argument that the chancery court lacked subject-matter jurisdiction and therefore reverse and dismiss. Accordingly, we need not address Appellants' remaining two arguments for reversal.

Appellants Jim and Joe Wilson and the decedent Christopher Wilson are brothers. Their mother is Appellant Neoma Wilson and was substituted as a party for their father Vernon Wilson, who is now deceased. Appellee Penny Wilson is Christopher's only child; she was aged five years when her father died on July 30, 1976.

Christopher's will was admitted to probate on August 10, 1977, and named Appellants Jim and Joe as executors. Appellant Jim was appointed executor of Christopher's estate.

The inventory Appellant Jim filed listed only one asset of the estate valued at $18,000, the 240 acres of real estate in Carroll County that is at the heart of this case. Appellants offered evidence that the land was encumbered by two mortgages totaling

$12,600, but there was no evidence of the mortgages in the probate proceedings. The inventory stated there were no household goods, personal effects, or tangible or intangible personal property. Appellants testified, however, that Christopher left several items of personal property including a saddle, a rope, and some silver dollars, among other various items.

The portions of Christopher's will that are relevant to this appeal state as follows:

### 2.

It is my will and desire that my brothers, Jimmy Ray Wilson and Joe Wayne Wilson, of Route # 4, Huntsville, Arkansas, take jointly and unto the survivor, all my property, consisting of real, personal and mixed, wheresoever same may be situated; and that they and each of them, have authority without having to get any court orders, to take care of financial business upon my demise, to the best interests of my estate.

### 3.

I have one child, named Penny Elaine Wilson, aged Two years, who now is in the legal custody of my divorced wife, Charley V. Wilson, her mother; and the where-a-bouts of both my divorced wife and child, is not now within my knowledge.

### 4.

My daughter will be Twenty-one years of age on the 8th day of January, 1992; and it is my desire, that my aforementioned brothers turn my entire estate, that they may have in their hands, and under their control over to my daughter, upon her reaching Twenty-one years of age, on the 8th day of January, 1992, if in their opinion she is capable of looking after same for her best interests; and if in their opinion, she is not capable of looking after this property for her best interests, then they are to continue to supervise the care of same, and turn the proceeds over to my daughter, as in their opinion her best interests may demand.

The Probate Court of Carroll County entered an Order Approving Final Account, Directing Distribution, and Discharging Personal Representative on May 16, 1978, which awarded Christopher's entire estate, including the 240 acres as joint tenants with right of survivorship, to Appellants Jim and Joe. Approxi-

mately six weeks later, on June 30, 1978, Appellants Jim and Joe transferred the property by quitclaim deed to their parents, Appellant Neoma and Vernon, for the sum of one dollar and love and affection.

Appellee initiated this action in Carroll County Chancery Court by filing a petition for an accounting of her father's estate and to set aside the quitclaim deed. She claimed that her father's will devised his entire estate to Appellants Jim and Joe as co-trustees for her benefit. Appellee filed her petition on April 22, 1994, over two years after reaching age twenty-one. Over Appellants' objections to subject-matter jurisdiction, the chancellor entered an order finding that a fiduciary relationship existed between Appellants and Appellee and that evidence of fraud existed, and ruling that Appellee receive title to the 240 acres and any personal property of her father's in Appellants' possession. This appeal followed.

As their first point for reversal, Appellants contend that the trial court erred in assuming subject-matter jurisdiction of this case and in reviewing the probate court's actions. A review of the trial court's findings and rulings are necessary for a true understanding of this issue.

The chancellor found that Appellee was never given notice of the probate proceedings in her father's estate in accordance with the Probate Code or the Arkansas Rules of Civil Procedure and that no guardian or guardian *ad litem* was ever appointed for her to take notice. The chancellor also found that no claims were made against Christopher's estate and that, although Appellants offered evidence that there were mortgages against the land at the time of Christopher's death, there was no evidence of the mortgages in the probate file. Thus, the chancellor found that, because Appellants Joe and Jim held the land free of debt, they were obligated to hold it for Appellee's benefit, and when Appellants Joe and Jim transferred the debt-free land to Appellant Neoma and Vernon, it was without benefit to Appellee. The chancellor thus concluded that there was evidence of fraud and that Appellee was entitled to the land.

Appellants rely on Article 7, Section 34, of the Arkansas Constitution of 1874, which vests probate courts with "exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, [and] administrators[.]" Appellants also rely on the rule that when exclusive jurisdiction to adjudicate a matter has been fixed to a specific court by the Arkansas Constitution or statute, such as probate matters in the probate court, the chancery court is without jurisdiction to act. *Liles v. Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986).

Appellants' citations of authority on the distinction of probate and equity jurisdiction are accurate, but grossly incomplete for the factual complexities presented in this case. Here, we must be concerned with the factual findings of lack of notice and fraud in the probate case. These concerns are complicated further by matters relating to Appellee's initial minority and still further by matters relating to express trusts and constructive trusts.

It has long been the law in Arkansas that where a probate court has jurisdiction of the subject matter, its judgment, although erroneous, is conclusive, so long as it is not reversed, and cannot be attacked collaterally. *Brown v. Kennedy Well Works, Inc.*, 302 Ark. 213, 788 S.W.2d 948 (1990) (citing *Currie v. Franklin*, 51 Ark. 338, 11 S.W. 477 (1888)). It has also long been the law in Arkansas that courts of equity have subject-matter jurisdiction to grant relief from judgment obtained by fraud in probate court only when there is no adequate remedy at law or when some circumstance removes the probate court's jurisdiction. *Id.*; *Tucker v. Leonard*, 228 Ark. 641, 311 S.W.2d 167 (1958); *Hankins v. Layne*, 48 Ark. 544, 3 S.W. 821 (1886). As this court explained in *Brown*, there is an adequate legal remedy for a judgment obtained by fraud in probate court: Arkansas Rules of Civil Procedure 60(b) and (c)(4) provide that a probate court may vacate an order that has been obtained by fraud. Thus, chancery courts have no subject-matter jurisdiction to set aside a probate court's judgment when the probate court had subject-matter jurisdiction, even when fraud was used to obtain the judgment. Here, the chancellor lacked subject-matter jurisdiction to review the probate court's actions, even though the chancellor found that fraud existed.

In *Brown*, 302 Ark. 213, 788 S.W.2d 948, this court affirmed a chancellor's refusal to allow a collateral attack on a probate court judgment when fraud was alleged. That holding was expressly conditioned upon the fact that no problems of jurisdictional notice were raised as to the probate court. *Id.* at 218, 788 S.W.2d at 951. The question of whether Appellee received jurisdictional notice as defined in Ark. Code Ann. § 28-40-101 (1987) is a question within the probate court's jurisdiction. In probating Christopher's will, the probate judge entered an order approving the final account and distribution of assets, which states in relevant part:

> That the petitioner, was duly appointed personal representative of the estate of the deceased on the 10th day of August, 1977; that notice of the appointment of said personal representative as well as notice to the creditors, was duly published in the manner and form and for the time required by law; . . . *that notice was given in the manner and for the time required by law and by orders of the Court; that no objections or exceptions have been filed* and the same is true and correct and should be in all things approved; and that there is no liability to the estate by the personal representative or his surety.
>
> . . . The Court further finds that pursuant and according to the terms and conditions of the decedent's last will and testament, the following named Devisees and Distributees of the estate are entitled to receive the assets and property of the estate in the following manner: *To Jimmy Ray Wilson and Joe Wayne Wilson, jointly and unto the survivor, the decedent's entire estate[.]* [Emphasis added.]

As is reflected in the probate court's order, the court determined that Jim and Joe Wilson were entitled to Christopher's estate jointly with right of survivorship. The order further shows the court's orders had provided for all required notices. Of particular significance, the record reflects that Appellee's mother's attorney was notified of the opening of Christopher's estate after he had requested a copy of the will to be probated. *See* Ark. Stat. Ann. § 62-2012(d)(2)(a) and (e) (Repl. 1971).

The probate court's order closing and distributing Christopher's estate, was conclusive because no appeal or motions

have been filed in that court challenging the validity of its order. If Appellee had any cause for relief in this matter — for fraud or otherwise — she should have sought that relief in the probate proceeding. What Appellee seeks is a collateral attack on the probate court's order. Jurisdiction to hear an attack on the probate court's order is in the probate court because the probate court has exclusive jurisdiction to review its own orders. The chancery court lacked subject-matter jurisdiction of this case. Accordingly, we reverse the chancery court's order and dismiss Appellee's complaint.