Billy Dale JOHNSON,
Executor of the Estate of Gracie Mears, Deceased  *v.*
GREENE ACRES NURSING HOME ASSOCIATION,
Individually and d/b/a Green Acres Nursing Home;  Paragould
Nursing and Rehabilitation Center; Dwight Williams, M.D.;
and Mack Shotts, M.D.

04-1333                                    219 S.W.3d 138

Supreme Court of Arkansas
Opinion delivered December 1, 2005

*The Brad Hendricks Law Firm*, by: *Christopher R. Heil*, for appellant.

*Wright, Lindsey & Jennings*, by: *Troy A. Price* and *Jerry J. Sallings*, for appellee Green Acres Nursing Home Association.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Ken Cook* and *Jeffrey L. Singleton*, for appellees.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Richard Lusby* and *J. Nicholas Livers*, for appellee Beverly Enterprises.

J IM GUNTER, Justice. Appellant, Billy Dale Johnson, appeals from an order of the Greene County Circuit Court, granting summary judgment in favor of the appellees: Greene Acres Nursing Home, Paragould Nursing & Rehabilitation Center, Dr. Mack Shotts, and Dr. Dwight Williams. The circuit court's order dismissed appellant's complaint, which involved allegations of medical malpractice in the care and treatment of his mother, Gracie Mears, prior to her death. The circuit court determined that appellant was not the executor of the estate at the time the complaint was filed; therefore, the complaint was a nullity. Because no complaint was filed by a person vested with authority to act on behalf of the estate within the two-year statute-of-limitations period, the court granted summary judgment and dismissed the case. We affirm.

We set forth our standard of review of a circuit court's order granting summary judgment in *Jordan v. Diamond Equipment & Supply Co.*, 362 Ark. 142, 207 S.W.3d 525 (2005), stating:

> Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Riverdale Development Co. v. Ruffin Building Systems Inc.*, 356 Ark. 90, 146 S.W.3d 852 (2004); *Craighead Elec. Coop. Corp. v. Craighead County*, 352 Ark. 76, 98 S.W.3d 414 (2003); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a *prima facie* entitlement to summary judgment, the non-moving party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered. *George v. Jefferson Hosp. Ass'n Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999). We view the evidence in the light most favorable to the non-moving party, resolving all doubts and inferences against the moving party. *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

*Jordan, supra.*

The following facts in this case are undisputed. Gracie Mears died on November 23, 2001. Her two sons survived her. On March 22, 2002, appellant, one of her sons, was appointed as the

executor of her estate. On October 25, 2002, upon appellant's petition, the probate division of the circuit court entered an Order Approving Final Accounting or Waiver of Final Accounting, Distribution and Discharging Executor. In the order, the court stated that

> the Executor and his sureties be and the same are hereby released and discharged from their trust herein and any and all liability or accountability thereunder, and the administration of the estate is closed subject to the payment of the claims as filed herein represented to be paid from proceeds of private sale after set off as herein provided.

> This estate shall remain open pending a determination of potential litigation of personal injury and/or mal-practice claims pending, etc.

On July 8, 2003, appellant filed a petition to re-open the estate in order to file this lawsuit.[1] On July 25, 2003, before an order reappointing him as executor was entered, appellant, in his capacity as the executor of Ms. Mears's estate, filed a complaint against the appellees, alleging that Ms. Mears's death was the result of the individual and combined acts of negligence of the appellees. Each of the appellees filed a motion for summary judgment, arguing that appellant lacked standing to bring the cause of action, as he was not the administrator or executor of Ms. Mears's estate, and that no valid complaint had been filed within the applicable statute of limitations. The circuit court granted the motions, holding that appellant had been discharged as executor before he filed the complaint. Therefore, the court held that the complaint was a nullity. Moreover, the court found that no valid complaint had been filed before the expiration of the applicable statute of limitations.

For purposes of this appeal, the parties agree that the only complaint filed before expiration of the applicable statute of limitations is the complaint filed by appellant on July 25, 2003, and dismissed by the summary-judgment order being appealed in this

---

[1] The parties mentioned in the summary-judgment hearing that this petition was eventually granted, but it was granted after the statute of limitations had run. The order is not in the record.

case.[2] The parties also agree that appellant was not the sole heir at law of Ms. Mears. Therefore, unless appellant was the personal representative, or executor, of the estate of Ms. Mears at the time of filing, he had no authority to file the complaint. *See* Ark. Code Ann. § 16-62-102(b) (Supp. 2005); Ark. Code Ann. § 16-62-101(a)(1) (Supp. 2005); *Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001) (holding that wrongful-death action must be brought by personal representative or, if there is no personal representative, by *all* of the heirs at law). Thus, the question before us is whether appellant was the executor of the estate of Ms. Mears at the time he filed this complaint.

Appellant argues that, while the probate court's order appeared to discharge him as the executor, the estate was left open for the express purpose of pursuing a wrongful-death action. Because this "contingency" was never met, he argues that the estate remained open and he remained the executor. He relies on the court of appeals' holding in *Skaggs v. Cullipher*, 57 Ark. App. 50, 941 S.W.2d 443 (1997), to support his argument. In *Skaggs,* the personal representative in a wrongful-death case argued on appeal that the circuit court erred in finding that the estate had been closed. The court of appeals agreed, relying on the language in the probate court's order approving final distribution, which stated that the court was approving final distribution, discharge of the personal representatives, and closing of the estate "upon report of such payments and distributions." *Id.* at 54, 941 S.W.2d at 444-45. The court of appeals found, first, that no such "reports" were ever filed and, second, that the probate court acknowledged that the estate remained open in a memorandum opinion dated over a year later, by directing one of the personal representatives to complete the "ministerial duties" of the administrator and close the estate within thirty days. *Id.*

Appellees distinguish the probate order in *Skaggs* from the probate order in this case. They argue that the probate order in *Skaggs* approved final distribution, discharge of the personal representative, and closing of the estate "*upon report of such payments and*

---

[2] This court has long held that the two-year statute of limitations period for medical-malpractice actions set forth in Ark. Code Ann. § 16-114-203 applies to all causes of action for medical injury, including survival actions under Ark. Code Ann. § 16-62-101 and wrongful-death actions under Ark. Code Ann. § 16-62-102. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002); *Pastchol v. St. Paul Fire & Marine Ins. Co.*, 326 Ark. 140, 929 S.W.2d 713 (1996).

*distributions." Id.* (emphasis added). This language made it clear that the closing of the estate and the discharging of the personal representative were contingent upon the occurrence of an event: the filing of a report. Because the report was never filed *and* because the probate court itself acknowledged in a subsequent order that the estate was open, the appellees argue, the court of appeals held that the estate was still open. Appellees argue that the probate order in this case contains no such contingency. While appellees admit that the order in this case stated that the estate was left open for the possibility of tort litigation, they claim that the probate court did not make its plain order discharging the executor contingent upon whether tort litigation was or was not pursued. If tort litigation was pursued, then appellant was required to petition the court, as he did, to be reappointed as personal representative to pursue it.

■ We agree with the appellees. The language in the court's order clearly discharges the executor, stating as follows:

> [T]he Executor and his sureties be and the same are hereby released and discharged from their trust herein and any and all liability or accountability thereunder, and the administration of the estate is closed subject to the payment of the claims as filed herein represented to be paid from proceeds of private sale after set off as herein provided.

While it is arguable that the closing of the estate was "subject to the payment" of certain claims, the record indicates that those claims have been paid, and appellant has not suggested otherwise. In any case, he does not argue that his discharge was subject to such payments, but argues instead that his discharge was contingent upon the filing of a wrongful-death action.

■ Although not specifically citing any statute in its order, the court's order appeared to be pursuant to Ark. Code Ann. § 28-53-104 (Repl. 2004), which governs orders of final distribution. Section 28-53-104(a) requires a court to make certain statements regarding claims, notices, and other matters in an order of final distribution. The probate court did so in this case. Section 28-53-104(b) states that the order shall discharge the personal representative and the surety on his or her bond "[i]f there has been a determination that there is no liability to the estate by the personal representative or his or her surety and if the order approves a final distribution previously made[.]" *Id.* In accordance

with this statute, the court stated, "distribution previously made or to be made hereunder is hereby approved and the Executor and his sureties be and the same are hereby released and discharged from their trust herein and any and all liability or accountability thereunder . . . ." Nothing in the court's statement discharging the executor indicated that the discharge was subject to a lawsuit being filed. The court's subsequent paragraph — stating that "[t]his estate shall remain open pending a determination of potential litigation of personal injury and/or mal-practice claims pending, etc." — does not state that the executor shall not be discharged pending such a determination. We will not rewrite the court's order to include such a provision.

We hold that the probate court's order entered on October 25, 2002, discharged appellant as the executor for the estate of Ms. Mears. Therefore, he had no standing to file a lawsuit on behalf of the estate, and the complaint that he filed against the appellees on July 25, 2003, was a nullity. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002). We affirm the judgment of the circuit court.

Affirmed.