William R. BULLOCK, Sr., Administrator of the Estate of Evelyn Howell Jones, Deceased *v.* Mary G. BARNES

06-97                                                        236 S.W.3d 498

Supreme Court of Arkansas
Opinion delivered May 25, 2006

*Bullock Law Firm, P.A.*, by: *Bunny Bullock*, and *Friday, Eldredge & Clark, LLP*, by: *Robert S. Shafer* and *William A. Waddell, Jr.*, for appellant.

No response.

Jim Gunter, Justice. Appellant, William R. Bullock, Sr., administrator of the estate of the decedent, Evelyn Howell Jones, appeals an order from the Yell County Circuit Court ruling that appellee, Mary Gale Barnes, appellant's sister and the decedent's niece, could reopen the administration of her aunt's estate. We reverse and dismiss the circuit court's rulings.

The decedent died testate on October 2, 1999. In her will, the decedent named appellant as the executor and provided that her residuary estate be divided in equal shares to two sisters, including Anna Bullock, appellant and appellee's mother, and a sister-in-law who predeceased the decedent and whose interest lapsed. Further, the decedent named appellee as a legatee of a specific bequest of $2,000. A petition for probate of will and appointment of executor, naming appellant as executor, was entered on October 4, 1999. An order appointing appellant as the executor was also entered on October 4, 1999. An amended petition was filed on October 11, 1999. A partial distribution of $1,000 was made in August of 2000 to appellee.

On May 7, 2002, appellant filed a petition for exchange of property in which he requested, pursuant to Ark. Code Ann. § 28-51-108 (Repl. 2004), to transfer the remaining asset of the estate, twenty restricted shares of Bank Shares, Inc. stock, which totaled a cash value of $32,209, to pay the estate taxes. Attached to the petition was an accounting of the estate with the total estate taxes totaling $1,566,528. On that same day, appellant filed a petition for the approval of final distribution for the specific bequest to legatees in the sum of $2,000. In the petition, appellant stated that the estate tax on their sum was 40.5%, or $810, and requested that the specific bequest of $190 be distributed to each niece and nephew listed as a legatee.

On June 28, 2002, the circuit court entered an order allowing the exchange of property and authorizing appellant to exchange the twenty shares of stock for cash to pay the Internal Revenue Service. On that same day, the circuit court also entered an order allowing the final distribution of $190 to the legatees, including appellee.

A final accounting of the Jones estate was filed with the circuit court on September 4, 2002. The residuary estate was used to pay the estate taxes. On November 13, 2002, the circuit court entered an order approving the final distribution of the estate and discharged appellant from his duties as executor.

Anna Howell Bullock, the decedent's sister and appellant and appellee's mother, died on December 5, 2002. She was the recipient of 33 1/3% of the residue of the Jones estate. On December 5, 2002, appellant was named as the executor of the Bullock estate, and the property was to be distributed 1/3 each to appellee, appellant, and their brother, Tom Bullock.

Appellee filed a petition to reopen administration of the Jones estate on August 4, 2003. In her petition, she argued that, under Ark. Code Ann. § 28-53-119(a)(1) (Repl. 2004), the grounds for reopening the estate administration were (1) an improper sale or exchange of bank stock to the executor and (2) no notice of the hearing on the petition for final distribution. Appellee alleged that "necessary acts remain to be performed" and that there was "other proper cause" under the statute. On August 11, 2003, appellant filed a response to appellee's petition and a motion to dismiss, arguing that under Ark. R. Civ. P. 60, the circuit court lost jurisdiction under the ninety-day limitation of the rule. Various responses and amended motions were subsequently filed.

On February 13, 2004, appellant filed a motion for summary judgment. In support of his motion, he submitted a statement of undisputed facts; an affidavit of Rita Brixey, an employee at appellant's counsel's law firm who was responsible for mailing the pleadings to appellee; his brief; his affidavit stating that he issued a $190 check to appellee and that he paid $775,094.66 in federal and state estate taxes on the Jones estate; and an affidavit of Melinda Piatt, the chief deputy clerk for Yell County Circuit Court, stating that appellee paid $15.60 for copies of the documents in the estate's file. On March 8, 2004, appellee responded to the motion, arguing that appellant violated Ark. Code Ann. § 28-51-106 (Repl. 2004) as to appellant's purchase of the bank stock by a personal representative who was not eligible to acquire it and without proper notice, as well as his "lack of proper notice to her . . . ." She asserted that the estate administration should be opened pursuant to Ark. Code Ann. § 28-53-119(a) and that Ark. R. Civ. P. 60 did not apply.

On March 3, 2005, appellant filed a supplemental motion for summary judgment, alleging that appellee had no standing in the Anna Howell Bullock estate or the Evelyn Howell Jones estate. On that same day, appellant filed a fourth amended motion to dismiss. Various responses were filed. A hearing on appellant's summary-judgment motion was held on March 19, 2004, at which

the circuit court ruled from the bench that it would "have to decide whether there are any grounds for reopening the estate."

On April 25, 2005, appellee filed an amended petition to reopen the estate, incorporating her original petition, and amending her petition with the following allegations:

a. On information and belief, William R. Bullock as executor of the estate fraudulently failed to disclose prior transfers of property by Evelyn Jones to third persons by either/or (i) direct transfer, (ii) beneficiary designation and/or (iii) ownership designation with Ms. Jones and a third party as joint tenancy with the right of survivorship or pay on death to a third party.

b. As a result of the property transferred and/or not being an asset includable in the inventory of the estate, the residuary estate, in excess of $884,000 was paid for estate taxes, pursuant to the terms of Ms. Jones' will.

c. The executor was required to discover assets (Ark. Code Ann. § 28-49-103) and gather property for the estate (Ark. Code Ann. § 28-49-101). On information and belief, property subject to estate tax in Ms. Jones' estate, which was not included in the inventory of the estate, was not so included due to fraud of the executor in preparing and/or obtaining execution of the transfers and/or ownership and beneficiary designations, and/or failing to bring an action to set aside the transfers, and/or change of ownership and/or beneficiary designations.

On April 29, 2005, appellant filed a reply to the amended petition to reopen the estate, alleging that the petition should be dismissed under Ark. R. Civ. P. 12(b)(6). Appellant also filed a motion to dismiss on that same day. A second supplemental motion for summary judgment was filed by appellant on October 15, 2005. In support of his motion, appellant attached an affidavit wherein the affiant, Honorable Van B. Taylor, the former probate judge for Yell County, swore that appellant did not fraudulently fail to disclose joint tenancy of Jones's property and that a joint tenancy with the right of survivorship was not part of the estate.

A hearing on appellee's amended petition to reopen the estate and subsequent motions was held on November 17, 2005. In the order dated December 22, 2005, the circuit court denied appellant's motions to dismiss the amended petition to reopen the estate administration, denied appellant's motions for summary

judgment, and denied appellant's motions to strike the amended petition to reopen the estate. The court also denied appellant's Ark. R. Civ. P. 11 motions, motions for attorney's fees, and motions to quash. The court further found that appellee had standing to reopen the estate administration "based upon her lineal line of descent as heir of her mother, Anna Bullock, who was a devisee of one half of the residuary of the estate of Evelyn Jones." The court further ruled that appellee sufficiently pled fraud, and that federal and Arkansas estate tax returns were subject to discovery. From this order, appellant now brings his appeal.

As an initial matter, we note our well-settled standard of review of probate cases. This court reviews probate proceedings *de novo* on the record, but it will not reverse the decision of the trial court unless it is clearly erroneous. *Craig v. Carrigo*, 353 Ark. 761, 121 S.W.3d 154 (2003). In conducting our review, we give due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Id.*

For his sole point on appeal, appellant makes a two-pronged argument. First, he contends that Ark. R. Civ. P. 60 applies to a petition to reopen a closed probate estate. Second, he contends that appellee failed to show proof of fraud or other proper cause to reopen the Jones estate. Appellee did not file a brief in this case.

The statute upon which appellee relied to reopen the estate administration is found at Ark. Code Ann. § 28-53-119(a)(1), which provides in pertinent part:

> (a)(1) If, after an estate has been settled and the personal representative discharged, other property of the estate is discovered, or if it appears that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of any person interested in the estate and without notice or upon such notice as it may direct, may order that the estate be reopened.
>
> . . . .
>
> (b) Unless the court shall otherwise order, the provisions of the Probate Code as to an original administration shall apply to the proceedings had in the reopened administration so far as may be appropriate. *However, no claim which is already barred can be asserted in the reopened administration.*

*Id.* (emphasis added).

Appellant argues that appellee's grounds for reopening the estate were time barred under Ark. R. Civ. P. 60, which provides in pertinent part:

> (a) Ninety-Day Limitation. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.
>
> . . . .
>
> (i) Motion to Vacate or Modify May Be Heard First. The circuit court may first try and decide upon the grounds for vacating or modifying a judgment before trying or deciding the validity of the defense or cause of action.

*Id.*

In the present case, appellee's petition to reopen the estate administration was time-barred. Under Rule 60(a), appellee would have had ninety days from the date of the November 13, 2002, order to move to modify or vacate the judgment. During that ninety-day period following the order, she failed to object to the final distribution of the estate's assets. Appellee did not file the petition to reopen the estate until August 4, 2003, approximately nine months after the order.

An exception to Rule 60(a) is found at Rule 60(c)(4), which allows a circuit court to vacate or modify a judgment after ninety days in the case of "misrepresentation or fraud . . . by an adverse party." *Id.* The elements of fraud are: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; (5) damage suffered as a result of the reliance. *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002). The party seeking to set a judgment aside for fraud has the burden of proving fraud by clear, cogent, and convincing evidence, or, as our courts have sometimes said, clear, strong, and satisfactory proof. *See McAdams v. McAdams*, 353 Ark. 494, 109 S.W.3d 649 (2003).

In the present case, no evidence of fraud is apparent from the record. Under section 28-53-119, an estate may be reopened if any necessary act remains unperformed on the part of

the personal representative, or for any other proper cause. Here, appellee failed to offer proof that appellant did not perform a necessary act in his duties as executor, nor did she provide "other proper cause." *Id.* In her amended petition to reopen the estate, filed approximately two and one-half years after the closing of the Jones estate, appellee made a general allegation that appellant "fraudulently failed to disclose prior transfers of property by Evelyn Jones to third persons . . . ." To refute this allegation, appellant submitted an affidavit of Judge Taylor, who swore that "there were no misrepresentations o[f] fraud involved in the administration of the estate, and all transactions were fully disclosed as the cause proceeded." Further, Judge Taylor stated that the transfer of the bank shares "was in the best interest of the estate and specific legatees," including appellee. Based upon this sworn testimony provided by appellant in support of his summary-judgment motion, we conclude there was no showing of fraud. Thus, the exception to the ninety-day rule found in Rule 60(c)(4) does not apply. *See New Holland Credit Co. v. Hill*, 362 Ark. 329, 208 S.W.3d 191 (2005).

█ Because appellee did not file a brief in this case, we must also consider the issue of notice raised at the November 17, 2005, hearing. Here, the record is replete with proof that appellee received notice of the estate administration. Various pleadings were mailed, certified mail, to appellee, return-receipt requested. An affidavit evidencing service upon appellee was also filed. No answer, entry of appearance, or request for notice was filed by appellee. When appellant, as executor of the Jones estate, petitioned the court to order the exchange of bank stock, he attached Form 706, which showed the taxable estate, and the estate taxes totaled $1,566,528. A copy of Rita Brixey's affidavit evidencing actual notice to appellee was attached to appellant's motion for summary judgment. Therefore, appellee's argument at the hearing, while not necessarily a point on appeal in this case, is without merit.

█ Further, appellee's reliance upon Ark. Code Ann. § 28-53-119(a)(1) to reopen the estate administration is also without merit. The claims that appellee raised in support of her petition to reopen the Jones estate were already barred and could not be asserted in a reopened administration. Ark. Code Ann. § 28-53-

119(b). As we have noted, there was ample notice to appellee of the estate administration. Thus, she could have made these claims in the original administration.

For the foregoing reasons, we hold that appellee's petition to reopen the Jones estate was time-barred under Rule 60 or Ark. Code Ann. § 28-53-119(b). Accordingly, we reverse and dismiss the circuit court's rulings in its December 22, 2005, order.

Reversed and dismissed.

BROWN, J., not participating.