2010 Ark. App. 282

**Cheryl Lynn PRICKETT, as Executrix of the Estate of Shirley Harmor, Deceased, on Behalf of the Estate and Beneficiaries of Shirley Harmor, Appellant**

v.

**HOT SPRING COUNTY MEDICAL CENTER; Altimus Ray Bollen, M.D., Individually; Hot Spring Diagnostic Clinic, P.A., an Arkansas Corporation; Larry B. Brashears, M.D., Individually, and L.B. Brashears, M.D., Ltd., an Arkansas Corporation; Hudson Healthcare and Hudson Specialty Insurance a/k/a Hudson Healthcare, as Liability Insurer for Hot Spring County Medical Center, Appellees.**

No. CA 09–672.

Court of Appeals of Arkansas.

March 31, 2010.

Rehearing Denied May 12, 2010.

---

Wm. Dean Overstreet, Dover Dixon Horne PLLC, Little Rock, AR, for Appellant.

Paul D. McNeill, Dustin H. Jones, Serena Thompson Green, Womack, Landis, Phelps & McNeill, P.A., Jonesboro, AR, for Appellees Larry B. Brashears, M.D., Individually, and L.B. Brashears, M.D., Ltd.

T. Michelle Ator, Kathryn A. Kirkpatrick, Friday, Eldridge & Clark, LLP, Little Rock, AR, for Appellees Hot Spring County Medical Center, Altimus Ray Bollen, M.D., and Hudson Specialty Insurance Co.

WAYMOND M. BROWN, Judge.

In this wrongful-death/medical-malpractice case, the Hot Spring County Circuit Court granted summary judgment in

favor of appellees Hot Spring County Medical Center; Altimus Ray Bollen, M.D.; Larry B. Brashears, M.D.; L.B. Brashears, M.D., Ltd.; and Hudson Speciality Insurance, based on its conclusion that appellant Cheryl Prickett, the executrix of her mother's estate, lacked standing to bring suit. We agree with this conclusion, ₂as the record reflects (1) that the probate court lacked the authority to reopen the estate almost two years after it was closed and (2) that the circuit court had the authority to set aside the order reopening the estate. Thus, Prickett lacked standing to bring the suit, and the complaint she filed was a nullity. We affirm.

The relevant facts are undisputed. Shirley Harmor passed away on August 14, 2005. Her will was soon admitted to probate, and Prickett was appointed executrix of the estate. By order entered June 6, 2006, the probate court noted that the estate was ready to close, but that the estate wanted more time to evaluate a potential wrongful-death action. The court gave Prickett until December 1, 2006, to file a wrongful-death complaint. The estate was to remain open if she filed a complaint, but to close automatically if she did not. Nothing was filed by that date.

After originally filing her action in federal court in June 2007 and having it dismissed, Prickett filed this wrongful-death/medical-malpractice action in state court in November 2007. In September 2008, the Brashears appellees filed a motion for summary judgment, asserting that the decedent's estate closed on December 1, 2006, without a wrongful-death action being filed; that Prickett's filing in federal court and the present case were nullities because she did not have authority to act on behalf of the estate once the estate was closed; and that the statute of limitations had expired prior to the filing of a proper complaint. The other appellees adopted the Brashears' motion as their own.

In her response to the motion for summary judgment, Prickett relied upon an October 13, 2008 probate court order that held the June 2006 order void *ab initio*. The probate court ₃had concluded that its original order did not meet the statutory requirements for an order closing an estate and, therefore, the estate was still open when Prickett filed the wrongful-death action. In reply to Prickett's response, appellees asserted that the probate court was without authority and could not set aside the June 2006 order closing the decedent's estate.

A hearing on the motion for summary judgment was held on March 10, 2009. The circuit judge presiding over the tort case, Judge Phillip Shirron, transferred the issue of the summary-judgment motion to Judge Chris Williams, the judge who presided over the probate case. One week later, the circuit court (by Judge Williams) ruled that the appellees were entitled to summary judgment. The court found that the June 2006 probate order was a final order closing the estate and that the probate court was without authority to set aside that order in October 2008. Though the appellees were not interested parties within the meaning of the probate code,[1] the court concluded that they could challenge Prickett's authority to proceed with the tort litigation. The court entered the order granting summary judgment to ap-

---

1. *See* Ark.Code Ann. § 28–1–102(a)(11) (Repl. 2004) (defining "interested persons" as "any heir, devisee, spouse, creditor, or any other having a property right, interest in, or claim against the estate being administered, and a fiduciary").

pellees on April 2, 2009. Prickett then nonsuited her claims against five "John Doe" defendants and pursued this appeal.

Prickett raises four points on appeal: (1) that the circuit court in the tort case had no authority to rule on the validity of the probate court's order setting aside the June 2006 order closing the estate; (2) that appellees did not have standing to challenge the validity of the ⌊₄probate court's order setting aside the June 2006 order; (3) alternatively, that the June 2006 order was deficient and ineffective to close the estate and, therefore, the estate was open at the time that Prickett filed the present action; and (4) alternatively, that the probate court's action in setting aside the June 2006 order was proper on the merits. We discuss these arguments in a different order than presented by the parties.

The standard of review regarding summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law.[2] We would normally view the evidence in the light most favorable to Prickett (the party resisting the motion) and resolve any doubts and inferences against the appellees (the moving parties).[3] But because the parties do not dispute the relevant facts, we simply determine whether the appellees were entitled to judgment as a matter of law.[4]

Prickett first argues that the circuit court hearing the tort suit did not have the authority to determine the validity of the probate court's October 2008 order and relies on our supreme court's decision in *Edwards v. Nelson*[5] as support. In *Edwards,* a wrongful-death action against medical providers, the supreme court held that the medical providers could not ⌊₅challenge the validity of the personal representative's appointment in the court hearing the tort action because of the doctrine of concurrent jurisdiction, which provides that the first court to acquire jurisdiction over a matter has jurisdiction to the exclusion of other courts of concurrent jurisdiction, and that such jurisdiction continues until the matter is finally and completely disposed of. The problem in applying *Edwards* here is that the June 2006 order became final in December 2006 when no action had been taken in pursuing the wrongful-death claim. *Edwards* is distinguishable from the present case because the probate court lost jurisdiction to act no later than ninety days after the estate closed on December 1, 2006.[6] Because the probate court had lost jurisdiction, the doctrine of concurrent jurisdiction has no application here.

This case is more akin to our decision in *Mayberry v. Flowers.*[7] There, the appellant sought to adopt his wife's son from another marriage. In June 1997, the probate court entered a "Temporary Order of Adoption," but because this order contemplated no further action, the order was

---

**2.** *Estate of Banks v. Wilkin,* 101 Ark. App. 156, 272 S.W.3d 137 (2008).

**3.** *See Luu v. Still,* 102 Ark. App. 11, 279 S.W.3d 481 (2008).

**4.** *Id.*

**5.** 372 Ark. 300, 275 S.W.3d 158 (2008).

**6.** *See* Ark. R. Civ. P. 60(a); *Bullock v. Barnes,* 366 Ark. 444, 236 S.W.3d 498 (2006) (holding that the ninety-day limitations period for setting aside orders, decrees, and judgments applies to orders issued by probate court).

**7.** 69 Ark. App. 307, 12 S.W.3d 652 (2000).

actually final. The appellant and his wife had marital difficulties and sought a divorce, during which time the appellant's wife moved to dismiss the adoption petition. The probate court granted the motion in February 1998, eight months after allowing the adoption. Soon after, the wife passed away, and the child's biological father placed the child in the |₆custody of the appellee, his mother and the child's biological paternal grandmother. In a *habeas corpus* proceeding, the appellant asserted that he was the child's legal father and that the order dismissing the adoption petition was void. We agreed, holding that the dismissal of the adoption petition was void since it was entered more than ninety days after of the "Temporary Order of Adoption." We further held that, because the probate court set aside the adoption decree without the jurisdiction to do so, the order setting aside the decree was subject to collateral attack and could be declared void by the chancery court hearing the *habeas corpus* petition.

■ Like the probate court in *Mayberry*, the probate court here lacked jurisdiction to set aside its previous order. This loss of jurisdiction meant that the probate court had no jurisdiction to enter the October 2008 order setting aside the June 2006 order closing the estate. Where a probate court has subject-matter jurisdiction, its judgment, although erroneous, is conclusive, unless reversed, and cannot be attacked collaterally.[8] But where the probate court acts outside of its

jurisdiction, its judgment is void and subject to collateral attack.[9] It is precisely because the probate court acted without authority to set aside the earlier closure order that the circuit court hearing the tort suit was vested with the authority to act in this case. Appellees properly raised their collateral attack on the probate court's October |₇2008 order once they learned of its existence. The circuit court, in ruling on the motion for summary judgment, properly recognized the error in granting the October 2008 order and held that it was void. This is one of the grounds on which collateral attacks on judgments are allowed.[10] Because we hold that the circuit court had the authority to set aside the October 2008 order, we need not fully address Prickett's second point concerning appellees not being "interested persons" within the meaning of the probate code. Suffice it to say that appellees, as defendants in the tort suit, had standing to raise the issue of Prickett's own standing to bring that action against them.[11]

■ Finally, Prickett argues that the June 2006 order was not effective to close the estate because it did not meet certain statutory requirements. We disagree. Arkansas Code Annotated section 28–53–104(a) (Repl.2004) requires a court to make certain statements regarding claims, notices, and other matters in a final order of distribution. The probate court did so in this case. Section 28–53–104(b) states that the order shall discharge the personal representative and the surety on his or her

---

8. *Wilson v. Wilson,* 327 Ark. 386, 939 S.W.2d 287 (1997); *see also Jackson v. Kelly,* 345 Ark. 151, 44 S.W.3d 328 (2001).

9. *See Filk v. Beatty,* 298 Ark. 40, 764 S.W.2d 454 (1989); *Mayberry, supra; cf. Wilson, supra.*

10. *See Powers v. Bryant,* 309 Ark. 568, 832 S.W.2d 232 (1992); *Mayberry, supra.*

11. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 73 S.W.3d 584 (2002).

bond "[i]f there has been a determination that there is no liability to the estate by the personal representative or his or her surety and if the order approves a final distribution previously made." Although the order does not expressly discharge Prickett or approve a final distribution, it does authorize Prickett to execute an Executrix's Deed to convey the decedent's property in accordance with her wishes. ₈Moreover, because the heirs had waived the final accounting, there was nothing more for Prickett to do as the personal representative of the estate unless a wrongful-death action was filed within the period limited by the circuit court. We therefore hold that there was substantial compliance with section 28–53–104 and that the June 2006 order was effective to close the decedent's estate.

We hold that the probate court's June 2006 order closed the estate and discharged Prickett as the executrix of the estate. She had no standing to file a lawsuit on behalf of the estate, and the complaint she filed against appellees was a nullity.[12] Therefore, we affirm the circuit court's grant of summary judgment.

Affirmed.

VAUGHT, C.J., and PITTMAN, J., agree.

---

12. *See Johnson v. Greene Acres Nursing Home Ass'n,* 364 Ark. 306, 219 S.W.3d 138 (2005); *Brown v. National Health Care of Pocahontas,* *Inc.,* 102 Ark. App. 148, 283 S.W.3d 224 (2008).