BRANDON J. HARRISON, Judge
Steve Arman, acting as the special administrator of the estate of his father, Philip Lewis Arman, appeals the Garland County Circuit Court's dismissal of his tort complaint against defendants Chi St. Vincent Hot Springs and Chi St. Vincent Hospital Hot Springs (collectively St. Vincent). He claims that he was properly clothed with the authority to file the tort complaint when he did so and that the circuit court erred by concluding otherwise. We reverse the dismissal, reinstate the complaint, and remand for further proceedings.
I.
Philip Arman died testate in May 2014, and his will was probated in Garland County. The docket number the circuit court clerk assigned to the estate was PR-14-486. The sole devisee under the probated will was the Philip L. Arman Trust. On 22 April 2015, the Garland County Circuit Court (Probate Division, Division 1) entered a final order of distribution. See Ark. Code Ann. § 28-53-104 (Repl. 2012). That order discharged the responsibilities of the estate's personal representative, who was Community First Trust Company. Community First Trust Company also served as trustee of the Philip L. Arman Trust. No party disputes that the April 22 order closed the estate. No one appealed the order. Consequently, the April 22 order judicially concluded matters related to Philip Arman's estate unless someone established a need to reopen the final order of distribution. Ark. Code Ann. § 28-53-105(a) (Repl. 2012).
After one year had passed, Steve Arman filed (on 12 May 2016) a petition to appoint a special administrator. The petition mistakenly stated that "no estate had been filed ... in relation to the decedent." The circuit court entered an order appointing Steve as special administrator the same day the petition was filed. The clerk assigned the petition case number PR-16-295 (Probate Division, Division 1). The cover sheet was filed on 11 May 2016 and had the box "original" checked-marked. The "Re-open" box, another option on the cover sheet, was not checked.
Seven days later, Steve filed an amended petition to have a special administrator appointed. In the amended petition, he offered the correction that "a Probate action was previously filed in this court as Case No. 26PR-14-486-1, and an Estate was opened and closed without liquidating the survival and wrongful death claims."
*733 The corrective May 18 amended petition asked the circuit court to appoint Steve as special administrator pursuant to § 28-53-119 (Repl. 2012), which governs the reopening of estates.[1] That same day, the circuit court entered an amended order appointing Steve as special administrator to "perform all necessary duties and acts required to liquidate the contingent claim of the Estate and statutory wrongful death beneficiaries[.]" The amended order also states that "no estate has been opened" and that
[t]he Court finds that The Special Administrator's basis for requesting appointment is that a previous probate action was opened and closed without liquidating the survival and wrongful death claims of the Estate and its statutory beneficiaries. An immediate need exists for the appointment of a special [administrator] for the reasons stated in the Amended Petition.
The crux of this appeal is whether Steve had the legal authority to commence a tort action in the civil division of the circuit court on behalf of Philip Arman's estate and for the benefit of the beneficiaries in the wrongful-death statute. St. Vincent has argued before, and does so here again, that Steve lacked authority to file the tort complaint because the May 18 amended order in the probate division did not properly reopen his father's probated estate, which had to be done before Steve could file the tort complaint in the civil division on May 19. Therefore, argues St. Vincent, the circuit court correctly dismissed the tort complaint. And the dismissal with prejudice was correct, St. Vincent says, because the applicable statute of limitations has run, meaning there is no time left for the tort suit to be properly (re)commenced.[2] Steve, of course, completely disagrees.
II.
Was Steve properly clothed with the authority to file the tort complaint under the circumstances? On de novo review, we conclude that he was and now explain our answer. Johnson v. Greene Acres Nursing Home Ass'n , 364 Ark. 306, 309, 219 S.W.3d 138, 140 (2005) (standard of review).
Steve petitioned the probate division of the circuit court and cited section 28-53-119 as the authority by which the court could appoint him as a special administrator of his father's estate to pursue unliquidated tort claims that were not addressed before the estate was closed in 2015. Section 28-53-119(a) expressly allows a circuit court to reopen a probated estate for an interested party at any time when property of the estate is discovered, when a necessary act remains unperformed by the personal representative, or "for any other proper cause[.]" Ark. Code Ann. § 28-53-119(a) ; see also Ark. Code Ann. § 28-48-103(a) ("For good cause shown, a special administrator may be appointed[.]"). So the probate division of the circuit court had the authority to appoint someone for that limited purpose, and it did so. Ark. Code Ann. § 28-48-103(a) ; Douglas v. Holbert , 335 Ark. 305, 983 S.W.2d 392 (1998). (No one argues that Steve was not an interested person given the probate code definitions.)
*734 St. Vincent's argument that the May 18 amended petition and the related amended order were not filed under the original probate case docket number does not strike us as an outcome-determinative point when deciding whether the original probate case was reopened. Our supreme court has defined "probate" divisions as meaning, in part, "cases relating to decedent estate administration." Ark. Sup. Ct. Admin. Order No. 14(1)(b) (2018). Both the original 2014 case and the 2016 petition to reopen the 2014 case were filed in the same division-the probate division of the Garland County Circuit Court. Moreover, court clerks, not the parties, assign case numbers. See Ark. Sup. Ct. Admin. Order No. 2(a) (2018); Ark. R. Civ. P. 3(c) (2018). Case numbers are a necessary administrator's tool, but they cannot decide the important procedural question here presented.
More important than a case number is that Steve's May 18 petition cited section 28-53-119, which is the statutory authority for reopening a probated estate. The amended petition also expressly stated that Steve had mistakenly believed that his father's estate had not been probated and that the amended petition was meant to correct that error. The circuit court admittedly did not use the magic word "reopen" in its May 18 amended order that appointed Steve Arman as special administrator; but it clearly enough intended to reopen the probate case to appoint and empower a special administrator to pursue statutory claims that had allegedly arisen under Arkansas law. The court's intent was clear enough, we believe, because it found in its May 18 amended order that Philip Arman's estate was opened and closed without resolving wrongful-death or survival claims and that a special administrator was necessary to pursue those unliquidated claims. Generally, probate orders that reopen estates are construed like any other instrument, and the primary goal is to carry out what the court intended. See Magness v. McEntire , 305 Ark. 503, 506, 808 S.W.2d 783, 784 (1991). We look to the order, the pleadings and other court papers, and any relevant evidence presented to glean the court's intent. David Newbern, John Watkins & D.P. Marshall Jr., 2 Arkansas Civil Practice & Procedure § 31:1 (5th ed. 2011) ("As a general rule, an ambiguous judgment is to be construed as is any other instrument to determine the court's intention, based on the language of the judgment, the pleadings, and the record.") (footnote omitted). Given the record before us, we are persuaded that the court intended to reopen the estate so that Steve could ultimately pursue unliquidated statutory claims. The order itself says as much:
The Court finds that The Special Administrator's basis for requesting appointment is that a previous probate action was opened and closed without liquidating the survival and wrongful death claims of the Estate and its statutory beneficiaries. An immediate need exists for the appointment of a special administer for the reasons stated in the Amended Petition.
This case is not like Prickett v. Hot Spring County Medical Center , 2010 Ark. App. 282, 373 S.W.3d 914, as St. Vincent argues. In Prickett , the circuit court had expressly kept an estate open for a limited time contingent upon certain acts being taken by the personal representative. The final order of distribution gave the personal representative six months in which to file a wrongful-death complaint; the estate was to close automatically if the complaint was not filed. For whatever reason, the personal representative did not file the complaint until more than one year had passed from the final order of distribution. The personal representative then filed the *735 tort complaint before asking the court that had presided over the probate case to reopen it under section 28-53-119. Nothing like that happened here.
We now turn to another point St. Vincent made to the circuit court, which is that even if the estate was reopened then the wrong person filed the tort complaint. The circuit court dismissed Steve's claims "for the reasons stated in the defendants' briefing," and St. Vincent argued to the court that a dismissal was proper because only the trustee of the Philip L. Arman Trust had the right to file suit for the estate. To the extent the circuit court dismissed the tort complaint because Steve did not include Community First Trust Company as a party plaintiff, the decision was mistaken. Survival claims must be filed by the personal representative of the estate, or a special administrator, because the claim belongs to the decedent's estate and no one else. See Ark. Code Ann. § 16-62-101(a) (Repl. 2005); Smith v. St. Paul Fire & Marine Ins. Co. , 76 Ark. App. 264, 64 S.W.3d 764 (2001). Assuming the trustee was an interested person under the probate code and could have been appointed to pursue statutory claims, it did not do so, Steve did, and we know of no reason why it had to be "the trustee or bust," so to speak.
On the alleged wrongful-death claim, only the statutory beneficiaries may receive damages. And if every beneficiary does not join the complaint then the beneficiary class must be represented by a duly appointed representative. Ark. Code Ann. § 16-62-102. St. Vincent argued to the circuit court that the lawsuit was brought by less than all the heirs at law. St. Vincent argued this because it ties inexorably to its argument that Steve was not duly appointed as a representative of the beneficiary class; therefore, all the wrongful-death statutory beneficiaries had to join the tort complaint but did not do so. Because we have concluded that Steve is the duly appointed representative for the wrongful-death statutory beneficiaries, he is the proper party plaintiff in the tort case. Estate of Banks v. Wilkin , 101 Ark. App. 156, 272 S.W.3d 137 (2008). To the extent the circuit court dismissed the complaint based on St. Vincent's trustee argument, it erred.
III.
The circuit court was presented with an issue of first impression and decided to dismiss the tort complaint with prejudice. We, however, hold that the complaint should not have been dismissed. The dismissal is therefore reversed, the complaint reinstated, and the case remanded for further proceedings consistent with this opinion.
Reversed and remanded.
Whiteaker and Murphy, JJ., agree.

He also stated that he was filing the amended petition pursuant to Ark. Code Ann. § 28-43-103, a reserved section that has no content.

Steve filed several amended complaints, but they are not at issue. The circuit court dismissed his wrongful-death and survival claims at different times, but the appealed order is a final one.