Cite as 2023 Ark. App. 202

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-22-235

| | |
|---|---|
| DARLENE HALBROOK<br><br>APPELLANT<br><br>V.<br><br>FRANCES ROBERSON, AS EXECUTRIX OF THE ESTATE OF NANCY BELLE PARK<br><br>APPELLEE | **Opinion Delivered** April 12, 2023<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58PR-20-66]<br><br>HONORABLE GORDON W. "MACK" MCCAIN, JR., JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

Darlene Halbrook appeals an order striking her second motion to reopen the estate of her mother, Nancy Belle Park, and contest her mother's will. The will devises a substantial estate to Halbrook's three siblings (including appellee Frances Roberson), but just ten dollars to Halbrook. The merits boil down to this question: If Halbrook was not served with statutory notice that a will has been admitted to probate, does Halbrook retain the right to contest the will through the full three-year period in Ark. Code Ann. § 28-40-113(b)(2)(D)—even if Halbrook was served with a defective notice, knew the will had been admitted to probate, and participated in the proceedings—after a series of adverse and unappealed orders were entered, including two orders distributing the estate assets under the terms of the contested will? The answer is "No."

We review decisions from the probate division de novo on the record but will not reverse the decision unless it is clearly erroneous. *Bullock v. Barnes*, 366 Ark. 444, 449, 236 S.W.3d 498, 502 (2006). The important points are these. Ms. Park executed a will on 12 February 2020. She died seven days later. By March 2, when Roberson petitioned to admit the will to probate and be appointed personal representative, Halbrook had not filed a demand for notice. *See* Ark. Code Ann. § 28-40-108 (Repl. 2012). Halbrook did not file an objection to probating the will either. Under Ark. Code Ann. § 28-40-110(a) (Repl. 2012), the circuit court could appoint a representative and admit the will to probate without a hearing. *In re Estate of Haverstick*, 2021 Ark. 233, at 4–5, 635 S.W.3d 482, 485. On March 5, it probated the will and appointed Roberson as personal representative without a hearing.

According to proof of service in the record, on March 9 that order was served on Halbrook with the petition. Roberson, now the appointed representative, filed a notice of her appointment. But in what she admits was an error, she used the form appropriate for an intestate proceeding, which did not give notice of an order admitting the will to probate or the need to contest the will in any particular time period. *See also* Ark. Sup. Ct. Admin. Order No. 12(1) & Form 13 (including notice that "[c]ontest of the probate of the will can be effected only by filing a petition within the time provided by law"); *cf. id.* Form 12 (no mention of will or limits on will contest).

The Probate Code is closely knitted, and this notice can be an important string: If no hearing was held on the petition to admit the will to probate, the time to file a will contest ends three years after its admission to probate, unless a shorter period specified by statute is triggered by the publication or service of the notice. Ark. Code Ann. § 28-40-

2

113(b)(2)(B)–(D) (Repl. 2012). Halbrook would eventually raise the defective notice in a "Second Motion to Reopen Estate and Contest Will." The circuit court's order striking that motion is now before us.

When that order was entered, Halbrook had been participating through counsel for some nineteen months, beginning with a prompt response to Roberson's petition for appointment expressing that the will "may have [been] procured under duress and undue influence[.]" Halbrook reserved the right to contest its validity and asked that the case be set for a hearing. But no hearing was set, and no substantive will contest was ever filed.

Beginning in September 2020, the circuit court reaffirmed the will's validity and made implicit (and sometimes explicit) adverse determinations about Halbrook's rights to contest the will in a series of orders. Halbrook did not appeal them. Her first motion to reopen the estate acknowledged that, by 19 November 2020 at latest, the estate was closed. She did not appeal the denial.

Although the parties (and the authorities they cite) discuss the timeliness of attacks on probate orders, they do not address timeliness as a matter of jurisdiction. Perhaps that's understandable: The order *on review* is appealable under Ark. R. App. P.–Civ. 2(a)(12), and an appeal was noticed within thirty days. But it was not the first order Halbrook could have appealed. Assessing the consequences of her failure to appeal them is complicated even for ordinary probate orders because the jurisdictional balance in probate cases is governed by some procedural statutes, and some court rules, but in a way no authority has settled. The analysis may be more complicated here because the order Halbrook wants to challenge admitted a will to probate.

3

The issue is supersession. The Arkansas Rules of Civil Procedure apply "to all civil proceedings cognizable in the circuit courts of this state except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure"—including proceedings to probate a decedent's estate, *Helena Reg'l Med. Ctr. v. Wilson*, 362 Ark. 117, 122, 207 S.W.3d 541, 544 (2005), "in which event the procedure so specified shall apply." Ark. R. Civ. P. 81(a). Appeal "may be taken" from any circuit court order that was appealable by statute 1 July 1979, including Ark. Code Ann. § 28-1-116 (Repl. 2012). Ark. R. App. P.–Civ. 2(a)(12). But other appellate procedures from the Code were not expressly saved from the Supersession Rule, which provided that "[a]ll laws in conflict with the Arkansas Rules of Civil Procedure [and] Rules of Appellate Procedure . . . shall be deemed superseded" when they took effect.

As our supreme court has noted, section 28-1-116 of the Code makes virtually all orders of the probate division appealable immediately. *In re Estate of Stinnett*, 2011 Ark. 278, at 4, 383 S.W.3d 357, 359. For most of them, the Code offers two alternative opportunities to appeal: (1) appeal the order within thirty days of entry or (2) appeal the order in an appeal from the final order of distribution, provided written objection to the earlier order was filed within sixty days. Ark. Code Ann. § 28-1-116(d). But the Code does not allow deferred appeal from "orders admitting . . . the probate of a will[.]"[1] Nor, unlike most orders, does the Code allow the circuit court to stay an appeal from them. *Id*. § 28-1-

---

[1]*Id*. We note that Code provisions like section 116(d) appear to be in tension with the supreme court's holding in *Stinnett* that "orders that 'may' be appealed at an interlocutory stage under [Ark. R. App. P.–Civ.] 2(a), 'must' still be appealed within thirty days of their entry as required by Rule 4(a)." 2011 Ark. 278, at 7, 383 S.W.3d at 361.

116(c). Our supreme court has observed that the Probate Code is "particularly thorough and perspicuous legislation." *Minchew v. Tullis*, 236 Ark. 818, 821, 368 S.W.2d 282, 284 (1963). We think the reason for the more stringent requirements for appealing those orders is obvious: The decision whether to admit a will to probate is the foundation for all later proceedings in the administration. If the circuit court errs, that error will affect them all. There is, in other words, a particular need for finality and stability in threshold orders.

This special treatment appears again in section 115(a). *See Helena Reg'l Med. Ctr.*, *supra*. With only two exceptions, section 115(a) gives the circuit court almost unlimited flexibility to modify its orders or grant rehearing for good cause "at any time within the period allowed for appeal after the final termination of the estate." Ark. Code Ann. § 28-1-115(a) (Repl. 2012). The exceptions are that, even while the estate is open, the circuit court loses the power to modify an order from which an appeal has been taken *or* "to set aside the probate of a will after the time allowed for contest thereof." *Id.* Here, the estate had closed.

In *Bullock*, our supreme court held that an attempt to reopen a closed estate for alleged misconduct by the executor was time-barred under either Ark. R. Civ. P. 60 or section 28-53-119. 366 Ark. at 451–52, 236 S.W.3d at 503. The statute authorizes the circuit court to reopen a closed estate at any time if "other property of the estate is discovered, or if it appears that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause[.]" Ark. Code Ann. § 28-53-119(a)(1) (Repl. 2012). The court found that the appellee's claims in her successful petition to reopen the estate "were already barred [under section 119(b)] and could not be asserted in a reopened

administration" because there was "ample notice to [her] of the [original] estate administration," and she could have made them then. *Bullock*, 366 Ark. at 451–52, 236 S.W.3d at 503.

The same is true here. When a party has actual notice of an estate administration and participates in it until the estate is closed, the late discovery of legal arguments that might have been raised cannot be a "proper cause" to reopen the estate after the time to appeal has run. *See Gibbons v. Hancock*, 267 Ark. 298, 302, 590 S.W.2d 280, 282 (1979); *Prickett v. Hot Spring Cnty. Med. Ctr.*, 2010 Ark. App. 282, at 8, 373 S.W.3d 914, 919 (reviewing whether an order closed an estate for substantial compliance with Ark. Code Ann. § 28-53-104(b)); *see also West v. Williams*, 355 Ark. 148, 133 S.W.3d 388 (2003). Legal arguments you wish you'd made before a judgment was entered are, if anything, the classic example of matters that are barred when the judgment is not timely appealed. *See, e.g.*, *Hardy v. Hardy*, 2011 Ark. 82, at 11–12, 380 S.W.3d 354, 360.

★ ★ ★

There is some merit to Halbrook's arguments that the circuit court's specific reasons for striking her motion were mistaken, but that court had long since lost jurisdiction to grant the relief she requested. *Prickett*, 2010 Ark. App. 282, at 5, 373 S.W.3d at 917.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*The Applegate Firm, PLLC*, by: *Ryan J. Applegate*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tory H. Lewis*, for appellee.