ESTATE OF Kikendel Jermaine BANKS, Alan Banks, Individually and as Administrator of the Estate of Kekendel Jermaine Banks *v.* Dr. Timothee T. WILKIN

CA 06-1285                                              272 S.W.3d 137

Court of Appeals of Arkansas
Opinion delivered January 23, 2008

*Warren Law Firm,* by: *Althea E. Hadden,* for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel, P.A.,* by: *Paul McNeill* and *Jeff Scriber,* for appellee.

DAVID M. GLOVER, Judge. The underlying action in this case involves medical malpractice and wrongful death in the demise of Kikendel Jermaine Banks. Appellant, Alan Banks, is the personal representative of the estate. He appeals from the trial court's grant of summary judgment in favor of appellee, Timothee Wilkin, a doctor involved in the decedent's care. With the grant of summary judgment, the trial court dismissed the action with prejudice, finding that the original complaint was a nullity because it was filed before

appellant's letters of administration were issued by the county clerk and that the statute of limitations had run, making refiling impossible. We reverse and remand.

The decedent died on August 21, 2002, and, therefore, the statute of limitations expired on August 21, 2004. The order of appointment for appellant and the acceptance of the appointment were both filed on April 12, 2004. Although the order of appointment provided "that Letters of Administration shall be issued to said personal representative upon filing of Acceptance of Appointment," no such letters were ever issued to appellant. On August 13, 2004, the complaint in this action was filed. On October 6, 2005, appellee filed his motion for summary judgment, contending that appellant lacked standing to bring the action because he filed the complaint prior to the issuance of letters of administration, that such letters remained unissued, and that the statute of limitations had expired. The trial court granted the motion for summary judgment, and this appeal followed. Appellant contends that the trial court erred in granting summary judgment, and we agree.

## Standard of Review

The standard of review regarding summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law. *Sparks Reg'l Med. Ctr. v. Blatt*, 55 Ark. App. 311, 935 S.W.2d 304 (1996). The appellate court views all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Id*. Even if none of the material facts are in dispute, however, if we cannot say that the appellee was entitled to judgment as a matter of law, then summary judgment is not appropriate. *See id*.

Here, it is undisputed that not all of the decedent's heirs at law were named as plaintiffs in this action. Consequently, the complaint's viability stands or falls on whether the appellant took the necessary steps to bring the action as personal representative of the estate. Arkansas Code Annotated section 28-40-102 (Repl. 2004), provides in pertinent part:

> (b) The [probate] proceedings shall be deemed commenced by the filing of a petition, *the issuance of letters*, and the qualification of a personal representative. The proceeding first legally commenced is extended to all of the property in this state.

(Emphasis added.) In arguing that appellant lacked standing to bring the action, appellees depend entirely upon the fact that no letters of administration were issued prior to filing the complaint — and in fact have never been issued — and that the statute of limitations has now expired. The trial court accepted appellee's position on the law, but we have concluded that it erred in doing so.

Act 438 of 2007 (codified as Ark. Code Ann. § 28-48-102 (Supp. 2007)) was approved on March 22, 2007, and it became effective on July 31, 2007. It was enacted for the purpose of clarifying the effect of a probate order and the purpose of letters of administration. The act specifically provides that "[l]etters of administration are not necessary to empower the person appointed to act for the estate," and that "[t]he order appointing the administrator empowers the administrator to act for the estate, and any act carried out under the authority of the order is valid." In *Steward v. Statler*, 371 Ark. 351, 266 S.W.3d 710 (2007), our supreme court held that Act 438 was procedural, and, therefore, that it was intended to be applied retroactively. The court explained:

> Until the enactment of Act 438, it has been well-settled law, since Ark. Code Ann. § 28-40-102(b) was enacted in 1949, that letters of administration are necessary to vest in a personal representative or special administrator the authority to sue or be sued. In *Jenkins* . . ., our court explicitly stated that "[n]othing can be read into either [Ark. Code Ann. § 28-40-102(b)] or [Ark. Code Ann. § 28-40-104] which would authorize a personal representative to sue or be sued until such time as he has received letters of administration." The Arkansas Court of Appeals reiterated the law in *Filyaw* . . ., with the pronouncement that "[u]ntil the issuance of the letters, appellant [personal representative] had no standing under *Jenkins* to file suit."[1]
>
> However, the General Assembly's enactment of Act 438 repeals the Arkansas Probate Code's long-standing provision establishing the

---

[1] While it is unnecessary for us to state our position regarding what the "well-settled law" has been in this regard, we do note the discussion of this issue in the concurring opinion in *Steward, supra*, and, in particular, its discussion in footnote 5 concerning our court's decision in *Green v. Nunez*, 98 Ark. App. 149, 253 S.W.3d 11 (2007).

> legal commencement of a probate proceeding, . . . by implication. While it is true that repeals by implication are not favored, . . . , a repeal by implication does transpire when there exists an "invincible repugnancy" between the earlier and the later statutory provisions.
>
> Here, the later statute, Act 438 declares letters of administration to be unnecessary so long as there is an order appointing the administrator; whereas, the earlier statute, . . . conditions the legal commencement of a probate proceeding upon the issuance of letters.

*Id.* at 355-56, 266 S.W.3d at 714.

Consequently, in light of Act 438 of 2007 and the supreme court's determination in *Steward v. Statler, supra,* that the act is to be applied retroactively, it is clear that it is the order of appointment, not the letters of administration, that empowers the personal representative to act on behalf of the estate. Here, the complaint was filed after the order of appointment was filed. Consequently, the trial court erred as a matter of law in dismissing the complaint. We therefore reverse and remand this matter to the trial court for reinstatement of the complaint.

Reversed and remanded.

BIRD and VAUGHT, JJ., agree.